Hudson, J.
This action was brought against the defendant as a common carrier of messages to recover damages suffered by the plaintiff by the neglect of the defendant to transmit and deliver a certain message. That portion of the complaint which is material to be incorporated here, is as follows: #
“ III. That plaintiff heretofore had a sister living at Hunter, “ in Dakota, aforesaid, at which point, on the 14th day of June, “ 1882, the said defendant had and maintained an office for the « reception and transmission of messages as aforesaid.
“ IY. That on the day and year aforesaid, the defendant had “ and maintained an office for the reception and delivery of mes- “ sages as aforesaid, at Grand Forks aforesaid.
*315 “ Y. That on tbe day and year aforesaid, the said defendant - “ had and maintained a line of telegraph and telegraphic commu- “ nications between the places, stations or points aforesaid.
“ YI. That on the said 14th day of J ane last aforesaid, at “ Hunter aforesaid, for a valuable consideration, paid to said de- “ fendant by one Alexander Russell, to-wit: the sum of- — --- “ dollars, the defendant agreed to transmit and carry over its lines “ of telegraph from Hunter aforesaid, to Grand Forks aforesaid, “ forthwith, the following message sent by Alexander Russell, “ directed to and entrusted to be sent, forwarded and delivered to “ plaintiff at Grand Forks aforesaid, and defendant took and re- “ ceived the said message and promised to transmit and send the “ same and deliver the same forthwith to this plaintiff at Grand “ Forks aforesaid, for the consideration paid as aforesaid.
“ YII. Said message was in the following words, to-wit:
“Hunter, June 14, 1882.
“ To William D. Russell: — Libby died last night; funeral to- “ morrow; come; answer quick. A. Russell.”
“ YIII. That the said company, defendant, did not fulfill said “ agreement by them made and entered into as aforesaid, to trans- “ mit and dispatch said message*, or deliver it as agreed upon to “ this plaintiff; but on the contrary, although the period between “ the said day of delivering said message or dispatch to said de- “ fendant at Hunter aforesaid, and the day on which it should “ have been delivered to plaintiff, to-wit: the same day, to-wit: “ June 14, 1882, was and would have been a reasonable time for “ carrying, transmitting, sendingand delivering said message afore- “ said. Yet said telegraph company so negligently, willfully and “ carelessly misbehaved and conducted said business, and in regard “ to the same as a telegraph company, that they failed and will- “ fully, carelessly and negligently withheld the transmission and *316 “ dispatching said message to plaintiff, and carelessly, willfully “ and negligently omitted to deliver said message so sent, or in- “ tended so to be, to this plaintiff; that it was not delivered to or “ received by this plaintiff until the 19th day of June, 1882.
“ IX. That by means thereof this plaintiff has been greatly “ shocked, injured and outraged in his feelings and sensibilities, and “ suffered great mental distress and anguish, to his damage in the “ sum of fifty thousand dollars.
“ X. Wherefore and in consideration of the premises, plaintiff “ demands judgment against said defendant in the sum of fifty “ thousand dollars, with his costs in such behalf, laid, paid out, “• and expended.”
To which the defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and judgment was entered for the defendant, from which judgment plaintiff appeals to this court.
It is quite difficult to see from this complaint upon what principle the plaintiff can reasonably claim to have sustained damages of any kind. It is alleged that the plaintiff has been greatly shocked, injured and outraged in his feelings and sensibilities, and suffered great mental distress and anguish, to his damage in the sum of fifty thousand dollars, and this by means of the failure of the defendant to deliver the said message within a reasonable time. We cannot understand how the failure to deliver a message such as this, could cause the plaintiff such a shock to his feelings and sensibilities, when it does not appear who the person called Libby in the dispatch, and who had died, was — whether there was any family ties or near relationship between this person and the plaintiff that a delay in the receipt of such an announcement should cause him any greater shock, grief or anguish than it would or *317 did other persons sirsceptible of the ordinary sympathies of the race. It may be presumed that she was the sister of the plaintiff mentioned in the complaint; but whether she was or not, is left entirely to conjecture.
There is nothing in this complaint that shows how any damages, even of the character claimed, could have been sustained by this plaintiff.
The counsel for the appellant contends that this neglect of .the defendant to perform its duty was a tort, for which damages such as are claimed, could be recovered; but we think this position untenable. The complaint alleges a contract and a violation of said contract as the gist of the action, and it must be so regarded, and cannot be converted into a tort by any rule of law known to this ' court.
No case can be found where a person has been allowed to recover damages for a shock, injury or outrage to the feelings and sensibilities, arising and caused by the breach of a contract, (except it is a marriage contract.) Such damages can only enter into and become a part of the recovery when the plaintiff has sustained, by the negligence or wilfull act of another, some corporal or personal injury; they never can be recovered independently and alone, and, if recoverable at all, only in actions of tort: Masters v. Warren, 27 Conn., 293; Stewart v. Ripon, 38 "Wis., 584. This would be the law without any statute on the subject, but the statute steps in and provides for a case of this kind, and says that “ every per- “ son whose message is refused or postponed contrary to the pro- . “ visions of this chapter, is entitled to recover from the carrier his “ actual damages and fifty dollars in addition thereto:” Civil Code, Sec. 1287. It would seem that the intent of this statute was to fix the rights of parties in such cases, and it is doubtless exclusive of all other modes of procedure.
*318 In this case the complaint might be sustained if there was any claim for actual damages that the plaintiff is entitled to recover; and under this statute if he had made such claim he could recover nominal damages, although no actual damages were proved, and the fifty dollars additional — the latter being exclusive of all damages not actual; but as no damages are claimed, except something the plaintiff is not entitled to, the complaint does not state a cause of action.
There being no error in the judgment of the District Court, it is
Affirmed.
All the Judges concurring.