No. 2593.

### WESTERN UNION TELEGRAPH COMPANY *v.* J. M. BROWN.

1. TELEGRAM—NOTICE OF CONTENTS.—A telegram in the following terms:

HALLVILLE, TEXAS, December 11, 1886.

J. M. BROWN, Sulphur Springs:

"Willie died yesterday evening at six o'clock. Will be buried at Marshall Sunday evening.

(Signed)     WESTON LIVINGSTON,"

does not import any family relationship between "Willie" and the

party to whom it is addressed, so as to affect agents of the tele-
graph company with notice of such relationship.
2. CASE FOLLOWED—LIABILITY OF TELEGRAPH COMPANY.—Daniels v.
Telegraph Company, 61 Texas, 456, followed.

APPEAL from Hopkins. Tried below before the Hon. B. W.
Foster, Special District Judge.

The opinion fully states the case.

*Stemmons & Fields*, for appellant, cited Daniel v. W. U. Tel.
Co., 61 Texas, 456; 18 The Reporter, 206; Communications by
Telegraph, Gray, 148.

*Leach & Templeton*, for appellee, cited G., C. & S. F. Ry. Co.
v. Levy, 59 Texas, 563; SoRelle v. W. U. Tel. Co., 55 Texas,
308; Stuart v. W. U. Tel. Co., 66 Texas, 580; W. U. Tel. Co. v.
Sheffield, Tyler term, 1888; Storey on Agency, sec. 420.

WALKER, ASSOCIATE JUSTICE. This is an appeal from a
judgment for two hundred and seventy-five dollars in favor
of appellee against appellant. The suit was brought the fif-
teenth day of March, 1887, by Brown, to recover of the ap-
pellant, the Western Union Telegraph Company, ten thousand
dollars damages for delay in transmitting and delivering to
him a telegram sent to him from Hallville, Texas, on the elev-
enth day of December, 1886, by one Wilson Livingston, in fol-
lowing language:

"HALLVILLE, TEX., Dec. 11th, 1886.
"*J. M. Brown, Sulphur Springs:*
"Willie died yesterday evening at six o'clock. Will be buried
at Marshall Sunday evening.
(Signed)     "WILSON LIVINGSTON."

That Livingston acted as his agent in sending the mes-
sage, and that by "Willie," named in said message, was
meant Willie Brown, a brother of appellee, and that the price
paid for sending said message was paid by appellee in the fol-
lowing manner: that the sum of forty-five cents paid to de-
fendant for transmitting and delivering the said telegram was
money belonging to the estate of said Willie Brown, one-third

of which plaintiff owned as an heir, and the other two-thirds by payment to the other two heirs, there being no administration nor need of any.

The plaintiff alleged that the dispatch was not delivered until noon of the twelfth December, 1886, and by reason of said delay, caused by the wilful neglect and failure of defendant to transmit and deliver said message, he was prevented from being present at the burial of his brother, whom he had raised and had cared for from childhood, and from receiving the consolation and condolence of his sister in his grief; whereby he suffered great disappointment, grief and mental anguish, etc.

Defendant answered by general demurrer, special demurrer and general denial. The demurrers were overruled, to which defendant excepted.

The exceptions were: 1. "Because the petition on its face failed to state any cause of action, in this, that plaintiff sues for an injury to his feelings in tort, he being the addressee of the message and no party to the contract under which said message was accepted and transmitted, and fails to state facts necessary to recover in tort."

"There is nothing in the alleged message to put the defendant upon notice that there was any relationship between the addressee and the said Willie Brown, or that anything except the mere announcement of the death of said Willie Brown were in contemplation by the defendant and the sender of said message at the time the message was delivered to and accepted by this defendant for transmission and delivery."

There is no allegation in the petition that the nature and importance of the telegram were made known to the telegraph operator to whom the message was delivered otherwise than as conveyed by the terms of the message. The words of the dispatch were sufficient to notify the operator as agent of the defendant, that a human being had died at Hallville, Texas, at six o'clock of the evening of tenth December, 1886; that the funeral of the deceased was to take place at Marshall on the evening of Sunday, December 12; that the deceased was known to the person sending and to the person to whom the dispatch was sent; that intimate and familiar relations existed between them and the deceased, from the use of the name "Willie," and even perhaps it may be understood that the message was an invitation to the funeral.

These suggestions intimated from the face of the message were sufficient notice of its importance to require corresponding care and diligence in transmitting it to its destination. Whatever damages might naturally result under such condition from a failure to receive the message will be considered as being in contemplation of the parties to the contract; that is, between the plaintiff having the right to the message and the telegraph company. (61 Texas, 456, Daniels v. Telegraph Co.) But the message gave nothing to indicate that "Willie" was the brother of the plaintiff. The damages alleged are from the fraternal feelings outraged by the failure to hear of the brother's death in time to attend the funeral and condole with his sister.

Giving the most liberal meaning to the words of the message they can not be construed into a notice of the special matter of complaint in the petition.

The special exceptions should have been sustained, for which error the judgment is reversed.

*Reversed and remanded.*

Opinion delivered November 13, 1888.