WESTERN UNION TELEGRAPH CO. *v.* W. H. ROGERS.

1. TELEGRAPH COMPANIES. *Negligence. Damages. Mental pain.*
    In an action against a telegraph company for mere negligence in failing to deliver a message, damages for mental suffering, disconnected from physical injury, cannot be recovered.

2. SAME. *Mental suffering. Not compensation. Case.*
    Defendant, a telegraph company, negligently failed to deliver a message announcing the death of plaintiff's brother. There was no pecuniary loss and no such wilful wrong as justified punitive damages. *Held,* that plaintiff could not recover as compensation damages for mental suffering occasioned by his failure to attend the funeral of his brother.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

The opinion states the case.

*Fewell & Brahan,* for appellant.

1. The great weight of authority is in favor of the proposition that mental suffering or disappointment unaccompanied by physical injury will not support an action for damages in a case of negligence only. *Canning* v. *Williamstown,* 1 Cush. (Mass.) 451; *Lynch* v. *Knight,* 9 H. L. 577; *Johnson* v. *Wells,* 6 Nev. 224; Wood's Mayne on Dam. 70 *et seq.;* Shear. & Redf. on Neg. § 757 *et seq.;* Bigelow's Lead. Cas. on Torts, § 619 *et seq.;* Field on Dam. 39; Wharton on Neg. §§ 339, 438, 756; 1 Sedgwick on Dam. 29, and

notes; 2 Greenleaf's Ev. § 267; 2 Kent's Com. 195; *Loper* v. *Tel. Co.* (Tex.) 8 S. W. R. 600; *Parkhurst* v. *Mastellar* (Iowa), 10 N. W. R. 864; 69 Ind. 199; 70 Ill. 503; 84 Ib. 568; 69 Mo. 658; 17 Allen, 514; 27 Conn. 293; 31 Wis. 574; 38 Ib. 984; 42 Ib. 23; 53 Vt. 190; *Wadsworth* v. *Tel. Co.* (Tenn.) 8 S. W. R. 574; *Tel. Co.* v. *Cooper* (Tex.), 9 Ib. 598; *Tel. Co.* v. *Brown*, 10 Ib. 323; *Galveston* v. *Barbour*, 62 Tex. 172; *West* v. *Tel. Co.* (Kans.) 7 Am. St. R. 530.

2. The verdict is grossly excessive. The disappointment of appellee is hard to measure, but the verdict is unreasonable and unjust. Verdicts like this should not be allowed to stand where no physical injury or pecuniary loss has been sustained.

*W. P. & J. B. Harris*, on the same side.

Plaintiff was not entitled to recover for wounded feelings caused by simple negligence, there being no bodily injury and no malice, insult, oppression or fraud. *Dorrah* v. *Railroad Co.*, 65 Miss. 14, citing Pierce on Railroads, 302; 6 Nev. 224; 71 Me. 227; 53 Vt. 183; 1 Cush. (Mass.) 451; 6 Am. & Eng. R. R. Cas. 345.

There is no satisfactory reason for applying one rule to a telegraph company and another to a railroad. Why is not *Dorrah* v. *Railroad Co.* decisive of this case? The principle announced in that case is not new. It announced the settled doctrine in this state, and must apply with equal force to all cases whether defendant be a corporation, an individual, railroad or telegraph company. This court would invade the province of the law-making department if it should undertake to make one rule for railroads and another for telegraph companies, and still another for the individual. The fact that in Texas, Tennessee and Kentucky a rule different from the one which prevails in this state has been applied in suits wherein telegraph companies are parties, has led some to believe that a different or special rule applies in telegraph cases. This is not sound.

It will be found that the text-writers in treating of mental anguish as an element of damages, generally connect it with exemplary or punitive damages. Field on Dam. §§ 26, 72; Sedgwick on Dam.

654; 1 Suth. on Dam. 156, 732, 736; Gray's Tel. Com. § 147; see, also, 84 Ill. 468; 85 Ib. 331; 3 Dak. 315; 27 Kans. 544; 39 Ib. 93; 50 Ind. 185; *Chase* v. *Tel. Co.*, 44 Fed. R. 554; 56 Me. 255; 71 Ib. 227; 53 Vt. 190; 7 Am. & Eng. Enc. L. 449, note 2; 5 Ib. 42.

In Lawson's Rights, Rem. & Prac., vol. 4, § 1970, there is a misleading statement as to this. The author cites *Beasley* v. *Tel. Co.*, 39 Fed. R. 181, in support of it. The Texas cases are conflicting, and it must be conceded that the courts have as yet arrived at no fixed rule. The court in Tennessee was divided. We submit that the better reason is with the dissenting opinion. See *Wadsworth* v. *Tel. Co.*, 86 Tenn. 695.

The court will see from the authorities that there is a class of cases in Texas, Tennessee and Alabama which, while denying that mental anguish alone is a substantive ground of action, yet come so near the line that the result is the same. They pretend to adhere to the common law rule, yet they destroy its usefulness by a pretext.

Fright, the most terrible of mental disturbances, is not a cause of action. *Railway Co.* v. *Coultas*, L. R. App. Cas., vol. 13, p. 222. The enjoyment of equanimity of mind, freedom from disappointments, anger and grief, lie beyond the sphere of practical jurisprudence. This is the principle of the common law. Mere mental suffering can neither be proved nor disproved. It is not amenable to the law of judicial investigation. See 7 Allen (Mass.), 118. The same occurrence may give rise to anger in one person and grief in another. No rule of law defines the distress, or prescribes where we are to start and where we are to stop in this endless chapter of sentimental jurisprudence, which would be added to our system but for the common law. It is opposed to the spirit of law to widen the power to deal with private property without measure or rule. On this point see Whittaker's Smith on Neg. 432.

We are speaking of mental suffering, disconnected from those particular legal injuries to which it has been connected by judicial precedents. A moment's reflection serves to show that the reason

of the common law rule condemns recovery in a case like this. There is an exception to the general rule in case of breach of marriage promise. 1 Suth. on Dam. 156. In other cases such damages as are claimed here cannot be recovered without proof of wilful wrong. 1 Suth. on Dam. 732 *et seq. ;* 19 Mass. 218 ; 124 Ib. 580; 20 Ill. 235, 544; 10 Barb. (N. Y.) 621; Wood's Mayne on Dam. 72 *et seq. ;* 62 Ill. 313 ; 74 Mo. 147 ; 54 Pa. 427.

*Witherspoon & Witherspoon,* for appellee.

Telegraph companies undertake to serve the public and are under obligation to perform their contracts without negligence or unwarrantable delay. *Alexander* v. *Tel. Co.,* 66 Miss. 162. See, also, Derring on Neg. §§ 366, 369 ; 2 Colo. 144 ; 36 Ill. 319 ; 84 Ind. 176 ; 9 Ill. App. 283 ; Gray's Tel. Com. § 22, and authorities cited ; 73 Am. Dec. 593 ; 3 Suth. on Dam. 295.

When damages are the necessary effect of the wrong, the law presumes damages to have accrued from the wrongful act. 32 Miss. 19 ; 16 Am. St. R. 923 ; 70 Pa. 86 ; 10 Am. R. 205, 664 ; 35 N. J. Law, 17 ; 56 N. Y. 200.

True it is frequently difficult, if not impossible, to determine the amount of damages sustained. In such cases the wrongdoer must suffer from the impossibility of accurately ascertaining the amount. Here the damages were placed at $800, a very small sum considering the defendant's breach of duty. It was for the jury, in view of the evidence and the instructions of the court, to fix the amount of damages. 51 Miss. 77; 9 Am. St. R. 770 ; 13 Ib. 846 ; Suth. on Dam. 730 *et seq. ;* 4 Wait's Ac. & Def. 715 ; 42 Pa. 493.

We submit that mental anguish and injury to the feelings are elements of compensatory damages, and that plaintiff had a right to recover for the same. *So Relle* v. *Tel. Co.,* 55 Tex. 308 ; *Logan* v. *Tel. Co.,* 84 Ill. 468 ; 3 Suth. on Dam. 298 ; 13. Am. St. R. 843.

We are aware that in some cases it has been held that a recovery cannot be had for mental suffering. We think, however, that the contrary of this is the sounder doctrine. See *Wadsworth* v. *Tel. Co.,* 86 Tenn. 695 ; 6 Am. St. R. 864 ; 75 Tex. 531 ; 16 Am. St.

R. 920; 4 Lawson's Rights, Rem. & Prac. § 2970, where the authorities on this subject are reviewed and discussed. See, also, 1 Suth. on Dam. 156 *et seq.*

In the ordinary contract only pecuniary benefits are contemplated by the contracting parties, and, therefore, the damages resulting from the breach of such contract must be measured by pecuniary standards, but where other than pecuniary benefits are contracted for, other than pecuniary standards will be applied in the ascertainment of the damages flowing from the breach. 6 Am. St. Rep. 9, 869; see 85 Tenn. 529; Gray's Tel. Com. §§ 81, 82; Cooley on Torts, 646; Wharton on Neg. § 767; 3 Suth. on Dam. 298; Shear. & Redf. on Neg. 605; 73 Ga. 285; 77 Va. 173; 46 Am. R. 715 and notes.

Messages of this character are the most important that telegraph companies are called upon to transmit, and for failure of duty they should be held liable as for failure to transmit other messages.

Argued orally by *J. B. Harris*, for appellant.

COOPER, J., delivered the opinion of the court.

A telegram was sent from Chattanooga, Tenn., to the plaintiff who resides in Meridian, Miss., informing him of the death of his brother, and the time and place at which he would be buried. If this dispatch had been seasonably delivered, the plaintiff could and would have attended the burial. By negligence of the agent of the defendant company at Meridian, it was not delivered until after the last train had left Meridian for Chattanooga, by which the plaintiff could have travelled to attend the funeral services. This suit was brought to recover the damages sustained by the plaintiff by reason of the non-delivery of the message.

The facts are undisputed. They are that the message was sent and its transmission paid for by the sender; that it was, by the negligence of the agent, not delivered; that the plaintiff sustained no pecuniary loss, his damages being merely nominal, unless he is entitled to recovery for the disappointment of not being informed of the death of his brother in time to attend his burial.

The court below instructed the jury that the plaintiff was entitled to recover as compensation, damages for the mental suffering sustained by him by reason of being deprived of the privilege of attending the funeral of his brother, it being conceded that no such negligence was shown as would warrant the infliction of punitive damages. The jury returned a verdict for $800, and from a judgment thereon the defendant appeals.

It thus appears that the single question presented is, whether under the circumstances named damages for mental suffering may be recovered.

It is immaterial, in the determination of the question involved, whether the action be considered as one for the breach of the contract to transmit and deliver the message, or as an action on the case for the tort in failure to perform the duty devolved on the telegraph company under the contract. The substance and nature of the default and the consequent injury are the same in either view, and, in the absence of circumstances warranting the imposition of punitory damages, the measure of damages must be the same whatever be the form of the action.

We have given to the investigation of the question that consideration which its importance demands, and, though the right of the plaintiff to recover the damages awarded in this case finds support in the decisions of several of the states, we are unwilling to depart from the long-established and almost universal rule of law that no action lies for the recovery of damages for mere mental suffering disconnected from physical injury, and not the result of the wilful wrong of the defendant. That such damages are recoverable in actions for breach of contract of marriage is well settled ; but it is equally true that until recent years this action stood as the marked and single exception in which such damages were recoverable in actions for breach of contract. This action, though in form one for the breach of contract, partakes in several features of the characteristics of an action for the wilful tort, and, though the damages recoverable by the plaintiff for mental suffering are spoken of as compensatory, the fervent language of the courts indicates how shadowy is the line that separates them from those strictly punitory. *Har-*

*rison* v. *Swift*, 13 Allen, 144 ; *Kurtz* v. *Frank*, 76 Ind. 595 ; *Thorn* v. *Knapp*, 42 N. Y. 475 ; *Johnson* v. *Jenkins*, 24 Ib. 252 ; *Coryell* v. *Colbaugh*, 1 N. J. L. 77. So much indeed does the motive of the defendant enter into the question of damages that in *Johnson* v. *Jenkins*, he was permitted to give in evidence in mitigation of damages, the fact that he refused to consummate the marriage because of the settled opposition of his mother, who was in infirm health.

Some of the text-writers upon the subject of damages, notably Sutherland (vol. I. 156), assuming that the action for breach of contract of marriage is not of an exceptional character, accept the measure of damages therein applied as appropriate in all actions for breach of contract where the losses sustained are not, by reason of the nature of the transaction, of a pecuniary nature. The authorities cited by Sutherland, other than those in actions for breach of contract of marriage, are : *Hobbs* v. *Railway Co.*, 10 L. R. Q. B. 111 ; *Ward* v. *Smith*, 11 Price, 19 ; *Williams* v. *Vanderbilt*, 28 N. Y. 217 ; and *Jones* v. *Steamship Cortes*, 17 Cal. 487.

The first of these cases decides only that a passenger who with his wife and two small children were negligently disembarked by a railway at a point four miles from his destination, on a rainy night, might recover for the inconvenience of having to walk that distance, he being unable to secure a conveyance. In *Ward* v. *Smith* the damages recovered were for pecuniary loss. *Jones* v. *Steamship Cortes* was a case of wilful wrong and fraud. In *Williams* v. *Vanderbilt*, which was an action of tort for breach of duty, the defendant had agreed to transport the plaintiff from New York to San Franscisco *via* Nicaragua. The defendant's vessel sailing from the Isthmus to San Francisco was lost at sea, and he negligently omitted to supply transportation over that part of the journey. The result was that the plaintiff was exposed to disease peculiar to the Isthmus, which he contracted and was eventually compelled to return to New York. It was held that the plaintiff was entitled to recover for loss of time occasioned by, and expenses of his sickness, the court saying : "If one of plaintiff's limbs had been broken through the carelessness of the agents or servants of the

defendant, it is settled that he could have recovered the expenses of the sickness occasioned thereby and for the consequent loss of time, and also compensation for the bodily pain and suffering caused by such breaking of the limb. The principle on which a recovery, in such case, is allowed for bodily pain and suffering, loss of time and expenses, sustains the recovery in this case, for the plaintiff's loss of time and loss of health and his expenses during his sickness."

It is upon the suggestions of the text-writers, supported by authorities which have been given a strained construction, and upon a misapplication of the rule that damages for a breach of contract are commensurate with the injury contemplated by the parties, that some courts in recent years have decided that mental pain and anguish, disconnected from physical injury, furnish a substantive cause of action for which recovery may be had.

The principle of limitation applied by the courts in cases involving pecuniary loss, for the necessary protection of defendants against ruin by the infliction of speculative and remote damages, has been perverted and accepted as the standard of measurement of damages in a class of cases in which the sole injury sustained is confessedly incapable of compensation, and in which any damages awarded must from the nature of things be purely speculative and uncertain.

In 1881, in the case of *So Relle* v. *Western Union Tel. Co.*, 55 Tex. 308, the supreme court of Texas, relying upon the authority of two previous decisions in that state (*Hays* v. *Railroad Co.*, 46 Texas, 279, and *Railroad Co.* v. *Randall,* 50 Ib. 361), in one of which an assault and battery had been committed on a passenger, and in the other serious and permanent physical injury had been suffered, for which damages for mental pain and anguish had been allowed, and upon a suggestion in the text of Shearman & Redfield on Negligence, unsupported by any authority, decided that the sendee of a message might recover from the company, as compensatory damages, for mental suffering caused by its failure to promptly deliver a message which announced to him the death of his mother, by reason of which default he was not informed of her

death, and failed to attend her funeral. This decision has been since overruled, upon a subordinate point, but the general proposition thereby established, that mental suffering disconnected from physical injury may be compensated for in actions for breach of contract, has been since repeatedly reaffirmed. *Railroad Co.* v. *Levy*, 59 Texas, 542; Ib. 563; *Stuart* v. *Tel. Co.*, 66 Ib. 580; *McAllen* v. *Tel. Co.*, 70 Ib. 243; *Tel. Co.* v. *Cooper*, 71 Ib. 507; *Loper* v. *Tel. Co.*, 70 Ib. 689; *Tel. Co.* v. *Simpson*, 73 Ib. 422; *Tel. Co.* v. *Adams*, 75 Ib. 531; *Tel. Co.* v. *Feegles*, Ib. 537; *Tel. Co.* v. *Moore*, 76 Ib. 67; *Tel. Co.* v. *Broesche*, 72 Ib. 654.

The courts of Alabama, Tennessee, Indiana and Kentucky have followed the supreme court of Texas, relying upon the decisions above noted as authority. *Tel. Co.* v. *Henderson*, 89 Ala. 510; *Wadsworth* v. *Tel. Co.*, 86 Tenn. 695; *Reese* v. *Tel. Co.*, 123 Ind. 295; *Chapman* v. *Tel. Co.* (Ky. Sup. Ct., June, 1890), 30 Am. & Eng. Corp. Cases, 626.

These cases, so far as we have been able to discover, rest upon the authority of each other, finding no support in the decisions of the other states or those of England.

In actions for injuries sustained by the negligence of the defendant, where serious bodily harm has resulted, the generally accepted rule is that the jury may, and, since it is impossible to draw the line between physical pain and mental suffering in such instances, must give damages for both.

Expressions used by the courts as argument or illustration in those cases, in which damages for mental suffering are recoverable because such suffering is declared to be inseparable from physical pain and injury, have been seized upon as sustaining a right of action for mental suffering alone, or for such suffering coupled with the right in the plaintiff to merely nominal damages.

Damages for mental suffering have been very generally allowed in three classes of cases: (1) Where by the merely negligent act of the defendant physical injury has been sustained, and in this class of cases they are compensatory, and the reason given for their allowance by all the courts is that the one cannot be separated from the other. (2) In actions for breach of contract of marriage.

(3) In cases of wilful wrong, especially those affecting the liberty, character, reputation, personal security or domestic relations of the injured party.

The decisions in Texas, Tennessee, Kentucky, Indiana and Alabama rest upon arguments and illustrations drawn from cases of one or the other of these classes, or upon the general proposition that damages must in all cases be commensurate with the injury sustained to the extent that they were in the contemplation of the parties to a contract, or should have been foreseen as the probable consequences of his conduct by the negligent defendant. These decisions are not, in our opinion, sustained by any of the analogies by which they are sought to be supported. These cases are totally different from those in which damages for mental suffering have been allowed, and it is notable that in no one of them is there a citation of a single case, decided prior to the case of So Relle, in which in an action for breach of contract (except actions for breach of contract of marriage), or in an action on the case for injuries resulting from mere negligence, damages were allowed for mental pain disconnected from physical injury.

There is an absence of authority upon the direct question of the right of recovery for mere grief or disappointment, probably for the reason that prior to the So Relle case the bar had not entertained the view that an action therefor could be maintained, but there are several cases in which responsibility for mental disturbance by reason of fright has been considered.

It has been held that fright attending an accident resulting from negligence, by which bodily injury was sustained, was properly considered by the jury in awarding damages. *Seger* v. *Barkhamsted,* 22 Conn. 290 ; *Masters* v. *Warren,* 27 Ib. 293 ; *Cooper* v. *Mullins,* 30 Ga. 146 ; *Canning* v. *Williamstown,* 1 Cush. (Mass.) 451. But where there is no bodily injury, damages for fright should not be given. *Canning* v. *Williamstown, supra ; Railway Co.* v. *Coultas,* Law Rep. 13 App. Cases, 222 ; *Wyman* v. *Leavitt,* 71 Me. 227 ; *Lynch* v. *Knight,* 9 H. L. 577, 598.

In *Flemington* v. *Smithers,* 2 C. & P. 292, the plaintiff sued to recover for injuries inflicted upon his minor son and servant by the

negligence of the defendant, and claimed compensation for the injury to his parental feelings ; but the claim was rejected.

We are not disposed to depart from what we consider the old and settled principles of law, nor to follow the few courts in which the new rule has been announced.

The difficulty of supplying any measure of damages for bodily injury is universally recognized and commented on by the courts. But in that class of cases demands for simulated or imaginary injuries are far less likely to be made than will be those in suits for mental pain alone.   No one but the plaintiff can know whether he really suffers any mental disturbance, and its extent and severity must depend upon his own mental peculiarity.   In the nature of things, money can neither palliate nor compensate the injury he has sustained.   "Mental pain and anxiety the law cannot value, and does not pretend to redress when the unlawful act complained of causes that alone."   *Lynch* v. *Knight*, 9 H. L. 577.

The rapid multiplication of cases of this character in the state of Texas, since the case of So Relle, indicates to some extent the field of speculative litigation opened up by that decision ; the course of decision shows how difficult the subject is of control.   In So Relle's case it was held that the sendee of the undelivered message, who had paid nothing for its transmission, might recover for the mental suffering flowing from its non-delivery.   In *Tel. Co.* v. *Levy*, 59 Texas, 564, that case was overruled in so far as the right of action was recognized in the sendee, and it was held that only the person entering into the contract with the company might sue.   But in *Tel. Co.* v. *Cooper*, 71 Texas, 507, where the husband had sent a dispatch calling a physician to attend his wife in her confinement, it was held that the husband (the sender of the message) could not recover for *his* mental suffering caused by the negligence of the company in failing to deliver the message ; but that, suing in right of his wife (who was not a party to the contract with the company), he might recover for *her* mental suffering.

It is held in that state that the telegraph company must be informed, either by the face of the message or by extraneous notice, of the relationship of the parties and the purport of the message to

warrant the recovery of damages for mental suffering. It has been decided that this dispatch did not sufficiently indicate these facts : " Willie died yesterday at six o'clock ; will be buried at Marshall, Sunday evening," *Tel. Co.* v. *Brown*, 71 Tex. 723, while the following one did : " Billie is very low ; come at once." *Tel. Co.* v. *Moore*, 76 Tex. 66. And a distinction seems to be drawn between the negligence of failing to deliver a dispatch which causes mental pain and suffering, and failing to deliver one, which if delivered would *relieve* such suffering. In *Rowell* v. *Tel. Co.*, 75 Tex. 26, the plaintiff and his wife had received information of the dangerous illness of her mother. Subsequently a dispatch was sent containing information of the mother's improved condition. This dispatch the company failed to deliver. Suit was brought, but recovery was denied, the court saying : " The demurrer was properly sustained. The damage here complained of was the mere continued anxiety caused by the failure promptly to deliver the message. Some kind of unpleasant emotion in the mind of the injured party is probably the result of a breach of contract in most cases. But the cases are rare in which such emotion can be held to be an element of the damages resulting from the breach. For injury to feelings in such cases the courts cannot give redress. Any other rule would result in intolerable litigation."

The manifest effect of this decision is to deny to a party injured redress for mental suffering, contemplated by the parties to the contract as the probable consequence of its breach. The distinction drawn by the court is so unsubstantial that it was evidently resorted to for the purpose of obstructing the tide of "*intolerable litigation*" flowing from the decisions following the So Relle case.

Kentucky, Tennessee, Indiana and Alabama have but recently established the rule, the dangers and difficulties of which are becoming apparent in Texas. The "intolerable litigation" invited and appearing in Texas has not yet fairly commenced in those states. It will, however, appear in due time, and the courts will be forced to resort to refined limitations, as Texas has done, to restrict it.

We prefer the safety afforded by the conservatism of the old law as we understand it to be, and are of opinion that no recovery

for mental suffering can be had under the circumstances of this case. *Dorrah* v. *Railroad Co.*, 65 Miss. 14; *Salina* v. *Trasper*, 27 Kan. 544; *West* v. *Tel. Co.*, 39 Ib. 93; *Russell* v. *Tel. Co.*, 3 Dak. 315; *Wyman* v. *Leavitt*, 71 Me. 227; *Lynch* v. *Knight*, 9 House of Lords, 577; *Victoria Ry. Com.* v. *Coultas*, L. R. 13 App. Cases, 222; *Railroad Co.* v. *Stables*, 62 Ill. 313; *Johnston* v. *Wells, Fargo & Co.*, 6 Nev. 224; 2 Greenleaf Ev. § 267; Woods' Mayne on Damages, 73.                    *Reversed and remanded.*