# CASES DECIDED

# MARCH TERM, 1892.

CHAPMAN *v.* THE WESTERN UNION TELEGRAPH COMPANY.

A person to whom a telegraphic message was addressed and sent, informing him of the desperate illness of his brother and requesting him to come, is not entitled to recover of the telegraph company damages on account of mental pain and suffering, alleged to have resulted to the plaintiff from failure of the company to deliver him the message in due time, and from delaying delivery till too late to take the last train available for reaching the brother before his death occurred.

March 2f, 1892. Argued at the last term.

Damages. Telegraph companies. Before Judge Ross. City court of Macon. June term, 1891.

Action by Chapman for failure to deliver, with due diligence, a telegraphic message addressed to him, the declaration containing a count for the statutory penalty, and counts for special damages from mental pain and anguish suffered by the plaintiff. A demurrer to the latter counts was sustained, and the plaintiff excepted. He obtained a verdict for the penalty.

HARDEMAN, DAVIS & TURNER, for plaintiff.

GUSTIN, GUERRY & HALL, for defendant.

LUMPKIN, Justice.

The exact question, briefly stated, is whether a person to whom a telegraphic message announcing the dying condition of a brother was sent, but by gross negligence of the company was not delivered with due promptness, so that he was unable to reach the brother's bedside before death transpired, can recover substantial

damages for the mental suffering caused by the company's failure of duty. The plaintiff does not claim to have sustained any pecuniary loss, but seeks recompense for the mental anguish due to losing the opportunity of being with his brother in his last hours.

The question has not been ruled on by this court. The expressions used in *Cooper* v. *Mullins*, 30 *Ga.* 152, do not cover it, because that was a case of physical injury. But there is no lack of authority in other jurisdictions. The trouble lies in the directly opposite views of the several learned courts which have passed upon the question. Consequently the two conflicting lines of decision may be compared to ascertain which is the more consonant with long-established and well-recognized principles. The Supreme Court of Texas, in 1881, held that damages are recoverable for such an injury. So Relle v. W. U. Tel. Co., 55 Tex. 308, 40 Am. Rep. 805. No direct authority is cited for this ruling, but the court adopts as law a bare suggestion made by the text-writers Shearman & Redfield, in their work on Negligence, vol. 2, §756. The cases referred to in the opinion were actions for physical injuries, of which the mental agony forms an inseparable component. But the decision is followed with more or less restriction by the same court in numerous later cases. Gulf R. Co. v. Levy (2 cases), 59 Tex. 542, 563, 46 Am. Rep. 269, 278; Stuart v. W. U. Tel. Co., 66 Tex. 580, 59 Am. Rep. 623; Loper v. Same, 70 Tex. 689, 8 S. W. Rep. 601; W. U. Tel. Co. v. Cooper, 71 Tex. 501, 9 S. W. Rep. 598, 10 Am. St. Rep. 772; Same v. Broesche, 72 Tex. 654, 10 S. W. Rep. 734; Same v. Simpson, 73 Tex. 423, 11 S. W. Rep. 385; Same v. Adams, 75 Tex. 533, 12 S. W. Rep. 857; Same v. Feegles, 75 Tex. 537, 12 S. W. Rep. 860; Same v. Moore, 76 Tex. 66, 12 S. W. Rep. 949; Same v. Richardson, 79 Tex. 649, 15 S. W. Rep. 689; Same v. Rosentreter, 16 S. W. Rep. 25;

Same v. Jones, 16 S. W. Rep. 1006; Erie Tel. Co. v..
Grimes, 17 *Id.* 831; Potts v. W. U. Tel. Co., 18 *Id.*
604. This doctrine has involved the court in some in-
consistencies, as shown by the opinion in W. U. Tel.
Co. v. Rogers, 68 Miss. 748, 9 So. Rep. 823, and by
Judge Thompson's article on this subject in 33 Cen-
tral L. J. 5. Compare cases of Stuart, Adams, Feegles,
Moore, Rosentreter and Potts, *supra*, with those of
Kirkpatrick, 76 Tex. 217, 13 S. W. Rep. 70; Brown,
71 Tex. 723, 10 S. W. Rep. 323; and Rowell, 75 Tex.
26, 12 S. W. Rep. 535. Nevertheless the Texas doc-
trine has gotten a strong following in other courts.
Beasley v. W. U. Tel. Co., 39 Fed. Rep. 181 (U. S.
Circ. Ct. Tex.); Chapman v. Same (Ky.), 13 S. W. Rep.
880; Young v. Same, 107 N. C. 370, 11 S. E. Rep.
1044; (See Thompson v. Same, 11 S. E. Rep. 427);
Sherrill r. Same (N. C.), 14 S. E. Rep. 94; Wadsworth
r. Same, 86 Tenn. 695, 6 Am. St. Rep. 864; Same v.
Henderson, 89 Ala. 510, 18 Am. St. Rep. 148; Reese v.
Same, 123 Ind. 294, 24 N. E. Rep. 163; Thompson on
Electricity, §378 *et seq.* The Alabama and Indiana
courts have gone no further than holding that the
*sender* of the message can recover for mental suffering.
In Illinois it was cautiously held that nominal dam-
ages, "at least," might be recovered. Logan v. W. U.
Tel. Co., 84 Ill. 468. These rulings involve various
perplexing questions on which they do not all agree.
Whether the person to whom the message is sent, as
well as the sender, can recover; whether the action is
grounded in contract or in tort; whether the violation
of a contract involving feeling is a proper basis for
awarding substantial damages for injury to feelings
alone; to what extent the message must show on its
face the family relationship; whether the damages to
be given are in their nature punitive or compensatory,
these are the chief problems encountered and solved

in variant ways. Some of the cases rest on breach of contract; of which some hold that the sendee also, being the beneficiary of the contract, can maintain the action for its violation. Cases of Henderson, Richardson, Levy, Chapman, and others. This view grapples with the big question, how can one, in an action for breach of contract, recover for mere disappointment or anguish of mind resulting from the breach? See Walsh *v.* Chicago R. Co., 42 Wis. 23, 24 Am. Rep. 376. The answer given is, that the subject-matter of the contract is feeling, and the damage to feeling by non-compliance was plainly in contemplation of the parties making the contract. The breach of many a contract which the injured party desires performed, brings disappointment and blasted hopes. Yet these mental consequences, if unattended with other loss, have not usually been regarded ground of recovery. The stronger view is that the recovery, whether by sender or sendee, is had for the tort, or breach of common law or statutory duty, the contract serving merely to create the relation of duty between the parties. Cases of Young, Reese, Stuart, Wadsworth, and others. The difficulty arising here is whether, as there is no tort independently of the contract, the contract can rightly be treated as not precluding recovery in tort, and the telegraph company be dealt with, in this respect, like a common carrier. A tendency is observed to escape this difficulty by applying the code provisions which abolish the distinction between contract and tort and allow the plaintiff to recover on a simple statement of the facts of his case. Stuart and Wadsworth cases. In this State no such abolition has been effected. Regarding the nature of the damages, the majority opinion in this class of decisions is that they are strictly compensatory, and take on the vindictive or exemplary feature only in cases where the injury is willful, wanton or malicious.

As against the above authorities, there are strong decisions denying the right of substantial recovery altogether.   West *v.* W. U. Tel. Co., 39 Kans. 93, 7. Am. St. Rep. 530; Russell *v.* Same, 3 Dak. 315, 19 S. W. Rep. 408; W. U. Tel. Co. *v.* Rogers, 68 Miss. 748, 9 So. Rep. 823; Chase *v.* Same, 44 Fed. Rep. 554 (U. S. Circ. Ct. Ga.); Crawson *v.* Same, 47 Fed. Rep. 554 (U. S. Circ. Ct. Ark.).   And see able dissenting opinion of Lurton, J., in Wadsworth case, *supra*.   This seems to us the sounder view of the law.   It is remarkable that the opinions declaring in favor of recovery can point to no positive authority older than the first Texas decision in 1881. They do refer to certain classes of cases where mental suffering is admitted as an element to be considered by the jury in making their estimate of the damages, namely actions for slander or libel, for seduction, for assault without physical injury, for breach of promise of marriage, and for physical injuries.   But in every one of these, it has been maintained that there is a necessary and inseparable ingredient of pecuniary injury.   See W. U. Tel. Co. *v.* Rogers, *supra*.   In slander and libel, where the action is founded on words not actionable *per se*, there must be proof of special damage.   And where the words are actionable *per se*, they have a sure tendency to degrade the citizen in the estimation of his fellows, which results in damage to his social influence and business efficiency.   Besides, malice (express or implied) is an essential element in such cases.   In seduction, it has been necessary from ancient times for the plaintiff to prove a loss of services, or a relation from which such loss might occur, else the action could not be maintained.   Thus a brother, not standing *in loco parentis*, however great his anguish and however keenly he may have felt the disgrace and mortification caused by the wrong-doer, could not recover for his mental suffering.   In actions for technical assault, where no

physical injury was inflicted or battery committed, damages are said by some of these authorities to be given wholly for mental suffering    Yet it may be that, the injury being essentially willful, substantial damages are given by way of punishing or making an example of the wrong-doer.    An assault is an active threat against the body, an offer of violence endangering the person, which the law redresses even in its initial stage, thus protecting the physical person more completely.    In actions for breach of promise, the plaintiff's financial loss plays a conspicuous part.    Evidence showing the defendant's station and reputed wealth is admissible. At common law, the husband on marriage assumed the wife's debts and responsibility for her torts and for support appropriate to their station.    He took a large share of her property by that event, and she acquired some rights in his property.    This suffices to show that the breach of marriage promise involved important pecuniary consequences.    In actions for physical injuries, the great consideration is the loss of time and the diminution of capacity for work, of course allowing also for the pain endured.    So far as mental suffering originating in physical injury is concerned, it is rightly treated as undistinguishable from the physical pain.    On ultimate analysis, all consciousness of pain is a mental experience, and it is only by reference back to its source that one kind is distinguished as mental and another as physical.    So in cases of physical injury, the mental suffering is taken into view.    But according to good authorities, where it is distinct and separate from the physical injury, it cannot be considered.    Johnson *v.* Wells, 6 Nev. 224, 3 Am. Rep. 245; Indianapolis R. R. Co. *v.* Stables, 82 Ill. 313; Joch *v.* Dankwardt, 85 Ill. 331; Keys *v.* Minneapolis R. Co., 36 Minn. 290; City of Salina *v.* Trosper, 27 Kans. 544; 1 Sedgw. Dam. §44; Trigg *v.* St. Louis R. R. Co. (Mo.), 6 Am. & Eng. R. R.

Cas. 345, 348; Dorrah *v.* Illinois R. R. Co., 65 Miss. 14, 7 Am. St. Rep. 629. In an action for wrongful attachment on the ground that the defendant was about to dispose of his property with intent to defraud his creditors, it was held that the mortification was a part of the actual damage. Byrne *v.* Gardner, 33 La. An. 6. This was decided by three judges, one of the five being absent and another disqualified, no authority being cited save Sedgwick and the Louisiana code. Of course it was a case of serious injury to the plaintiff's business standing, and therefore, even if sound, is no authority on the present question. In an action for false imprisonment, or for malicious arrest and prosecution, mental anguish has been held a proper subject for compensatory damages. Fisher *v.* Hamilton, 49 Ind. 341; Stewart *v.* Maddox, 63 Ind. 51; *Coleman* v. *Allen*, 79 *Ga.* 637. Of course such injuries are essentially willful, and besides are violations of the great right of personal security or personal liberty. Reference has been made also to cases of passengers being put off railway trains, when the mortification, insult and wounded feelings come in to enhance the damages. From the moment the passenger is ordered to get off, he is under duress; his body is not free to remain where he chooses and where it has the right to be. It is like an illegal arrest or an illegal imprisonment. In all these cases where personal security or personal liberty is infringed, the mental suffering seems to be a necessary component in the injury. But conceding to the fullest extent that mental suffering enters as an item of damage or is the *gravamen* of damage in certain cases, it hardly admits of discussion to show that any deduction from them which would sanction a recovery in the present case for mental suffering alone, would authorize a like recovery in every case attended with mental suffering. But this would be an unwarrantable extension of them; they stand each on its own ground, in well-defined limits.

v 88-49

In Lynch v. Knight, 9 H. L. 577, Lord Wensleydale expressed the opinion that where the only injury is to the feelings, the law does not pretend to give redress. Though Mr. Sedgwick (Meas. Dam. §43 et seq.) seeks to restrict this language to the case then before the court, and disputes its accuracy as a general proposition, it may be questioned whether the learned author is able to cite a single case sustaining his contention. He does refer to a number of cases, but in all of them the mental pain may be viewed as an accompaniment or part only of some substantial injury entitling the party to compensation. But even in cases where a recovery must be had on other grounds, it is frequently held incompetent to give damages for the accompanying mental injury. Thus where a father sues for a grievous physical injury to his minor child, he cannot recover for the laceration of his parental feelings, even in conjunction with damages for the loss of service, though his mental suffering be necessarily severe and heart-rending. Flemington v. Smithers, 2 C. & P. 292; Black r. Carrollton R. R. Co., 10 La. An. 33, 63 Am. Dec. 586: Penn. R. R. Co. v. Kelly, 31 Pa. St. 372; Oakland R. Co. v. Fielding, 38 Id. 320. Statutes have been passed giving recovery for homicide against the slayer; but the policy has invariably been to confine the right of action to a party sustaining pecuniary loss. And in actions on such statutes, even by the widow of the deceased, grief and anguish cannot come in for compensation. 2 Sedgw. Dam. §573, and cases cited; Field, Dam. §630, and cases cited; Gillard v. Lancashire R. Co., 12 L. T. 356; Blake v. Midland R. Co., 10 Eng. L. & Eq. 437, 18 Q. B. 93, 21 L. J. Q. B. 223; Louisville R. R. v. Orr, 91 Ala. 548, 8 So. Rep. 360; Killian v. Augusta R. R. Co., 79 Ga. 234. Where an action was brought for injury to real estate by blasting, it was held that the plaintiff could not recover for mental anxiety for the

safety of himself and family. Wyman v. Leavitt, 71
Me. 227, 36 Am. Rep. 303. In forcible entry and de-
tainer, damages for mental anguish cannot be recovered.
Anderson v. Taylor, 56 Cal. 131. But in addition to
these cases where damages for mental suffering in con-
junction with other damages were refused, cases may
be found denying the right to recover where the whole
injury is to feeling. Thus where fright caused by neg-
ligence of the defendant was so great and sudden as to
immediately produce physical sickness and suffering, it
is held that damages cannot be had. The principle is
that for the mere mental suffering there could be no re-
covery, and the physical injury is too remote, being
unlikely to result from the wrongful act. Victorian
R. Commissioners v. Coultas, L. R. 13 App. Cas. 222;
Fox v. Borkey, 126 Pa. St. 164, 17 Atl. Rep. 604;
Ewing v. Pittsburgh R. Co. (Pa.), 23 Atl. Rep. 340, 34
Cen. L. J. 236, 45 Alb. L. J. 211; Lehman v. Brooklyn
R. R. Co., 47 Hun. 355; Allsop v. Allsop, 5 H. & N.
534. In Minnesota, however, fright causing nervous
convulsions and illness is held to be ground for dam-
ages. But even here the action was sustained on
account of the physical injury as the proximate result
of the negligent act, and not on account of the inter-
vening mental suffering, the court conceding that this
alone would not warrant recovery. Purcell v. St. Paul
R. Co., 50 N. W. Rep. 1034. So in *Bray* v. *Latham*,
81 *Ga.* 640, an injury to health, caused by fright and
physical exposure, was held ground for damages. It
is hard to conceive of an injury which would wound
the feelings more deeply than the disturbance and desec-
ration of the grave of a near relative. Yet for such a
wrong an action did not lie at common law. The stern
doctrine was that there is no property in a corpse, and
the only protection of the grave was by criminal in-
dictment. 2 Blackst. Com. 429; Pierce v. Proprietors

of Cemetery, 10 R. I. 227, 14 Am. Rep. 667.  It seems,
the owner of the lot could bring an action of trespass
*quare clausum fregit,* and this was held to be the only
action lying for disturbing the remains of a deceased
child, additional damages being in this case allowed for
injury to feeling because the act was willful or wanton.
Meagher *v*. Driscoll, 99 Mass. 281, 96 Am. Dec. 759.
It would not be allowable to maintain such a suit as
the present under the assumption that the injury is to
the *person*.   In the old division of legal wrongs, " in-
juries to the person " do not include everything which
the word " person " may be fairly understood to cover.
Thus in Ohio and in Illinois there is a statute giving
the wife a right of action against any person intoxicat-
ing the husband, whereby she was injured in person,
property or means of support.   In both States it is held
that she cannot recover under such statute for mental
anguish, even when entitled to damages on other
grounds, as that is not an injury to the person.   Mul-
ford *v*. Clewell, 21 Ohio St. 191 ; Freese *v*. Tripp, 70 Ill.
496.   In Illinois some of the judges dissented from the
majority opinion, but all agreed that mental anguish
alone would not make a cause of action.

The law protects the person and the purse.   The per-
son includes the reputation.   *Johnson* v. *Bradstreet Co.*,
87 *Ga*. 79.   The body, reputation and property of the
citizen are not to be invaded without responsibility in
damages to the sufferer.   But outside these protected
spheres, the law does not yet attempt to guard the
peace of mind, the feelings or the happiness of every
one, by giving recovery of damages for mental anguish
produced by mere negligence.   There is no right,
capable of enforcement by process of law, to possess
or maintain without disturbance any particular condi-
tion of feeling.  The law leaves feeling to be helped
and vindicated by the tremendous force of sympathy.

The temperaments of individuals are various and variable, and the imagination exerts a powerful and incalculable influence in injuries of this kind. There are many moral obligations too delicate and subtle to be enforced in the rude way of giving money compensation for their violation. Perhaps the feelings find as full protection as it is possible to give, in moral law and a responsive public opinion. The civil law is a practical business system, dealing with what is tangible, and does not undertake to redress psychological injuries.

The case of W. U. Tel. Co. *v.* Rogers, *supra*, suggests that the doctrine it opposes would open up a new field of litigation. This is worthy of remark. Except in Texas, suits like this have been infrequent in the past. If their foundation principle be sanctioned, they are likely to multiply indefinitely. Nowhere can be found any satisfactory suggestion of a principle to restrain such suits within reasonable limits. How much mental suffering shall be necessary to constitute a cause of action? Let some of the courts favoring recovery measure out the quantity. If they are unable to do this, then on principle any mental suffering would be actionable, the degree of it merely determining the *quantum* of damages. The cases do suggest as a restriction that the plaintiff must be entitled to damages on some other ground, or to nominal damages at least; in other words, there must be an infraction of some legal right of the plaintiff; then the damages may be increased for the mental suffering. If the plaintiff must be entitled to substantial damages on *other* grounds, then mental suffering alone is not a ground for damages, which is the very point contended for. To speak of the right to nominal damages as a condition for giving substantial damages, is a palpable contradiction. To give nominal damages, necessarily denies any further recovery. It is said there must be an infraction of some

legal right attended with mental suffering, for this kind of damages to be given. If this be true law, why is not the mental distress always an item to be allowed for in the damages? We have seen that, though allowed in some, it is in many cases excluded. Every man knows that the violation of any material right is necessarily productive of more or less pain of mind. Then why not compensate it in every instance where a right has been violated? In no case whatever are damages recoverable unless a legal duty has been broken. By the test proposed, it is first granted that mental suffering alone is not actionable; then a case arises in which there is no actual damage, unless mental suffering be such, when it is simply assumed that it *is* actual damage. Throwing away the lame pretence of basing recovery for mental suffering upon an otherwise harmless transgression, and stripping it of all false form and confusing technicality, it is manifest that to allow such a recovery is, *in real substance*, an effort to protect feeling by legal remedy. If mental suffering be a self-sufficient element of damage, as in reason it must be to recover when no other damage is claimed, why is not the causing of mental suffering itself an infraction of a legal right? Why should the law of torts lag behind the law of damages? Can it do so in a sound system?

Our code, §3067, declares: "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed." There is no further definition or description of the torts here referred to, by which any case may be recognized as of this class. But it is manifest that the language quoted does not say or imply that injury to the peace, happiness or feelings shall

always be itself a tort, but rather the reverse. In view of the fact that no description or designation is attempted of this class of torts, and in view of the general purpose of the code, this section obviously does not mean to create new torts, or change the law of damages, but only to declare the pre-existing law. See *Central R. R.* v. *Kelly*, 58 *Ga.* 107; *Georgia R. R.* v. *Homer*, 73 *Ga.* 257; *Central R. R.* v. *Senn*, *Id.* 712; *Coleman* v. *Allen*, 79 *Ga.* 637; *Cox* v. *Richmond & D. R. R.*, 87 *Ga.* 747. No case has been found to give an authoritative construction to this section as a whole, nor is it necessary to do so now. It suffices for present purposes to say that it does not alter the prior law.

It seems there is no public policy to be subserved by giving damages for mental suffering as a general rule, and the law does not allow it. But it is urged that the public occupation of telegraph companies creates between them and the public a special relation in which their responsibility is greater than that of other persons. So much of their business and profit is derived from the acceptance of messages involving feelings only, that at first view it would seem legitimate and salutary to require them to answer in damages for any dereliction of duty in this important part of their activity. The argument is that in the exercise of a public employment, they undertake for hire to serve the feelings of their customers, and therefore ought to pay for negligent non-performance or mis-performance of this peculiar function. This reasoning is unanswerable in so far as it proves a right of action to arise out of the breach of duty. But how about damages and the measure of damages? It can scarcely be that a new and exceptional principle of damages emerges, *ex proprio vigore*, from unknown recesses of the law when occasion seems to require it, or that the court can do more than adapt and apply principles already

existing when novel transactions, such as those which make up the business of telegraphy, become the subjects of adjudication. Precedents must be followed, else the law will become a wandering, uncertain thing. If our understanding of the law, as hitherto expounded by its accredited oracles, be correct, it would be a judicial innovation to require feelings which had, even under contract or public duty, the right to expect help, to be solaced with damages for the disappointment, however severe, at losing the promised benefit. If the subject needs new law, the law-making powers may create it; but we decline to usurp their prerogative. In fact the legislature apparently has thought that nominal liability is not adequate to enforce the good policy of stimulating diligence in the carriage of non-financial messages, including those which affect the strongest feelings of humanity. It was of course a matter of general knowledge that many dispatches which the company is paid to carry, if not carried with due diligence, would entail no pecuniary loss upon sender or sendee, and therefore the company be subjected to mere nominal liability. The legislature recognized this as a subject for legislation, and passed the act of 1887, providing a penalty in case any message is not duly transmitted and delivered. This act gives a conventional redress of some money value, and is, perhaps, the best remedy that could be devised. It provides a penalty for punishment of the wrong-doer. Of course it does not affect to any extent the pre-existing law of damages, and cannot be construed as superseding or modifying any right of recovery existing independently of its provisions. Couch v. Steel, 3 El. & B. 402; Acts 1887, p. 111; W. U. Tel. Co. v. Taylor, 84 Ga. 408. If the remedy in terms were exclusive of all others, or if damages could be predicated on this statute which were not recoverable before, this whole discussion might have been superfluous. The record shows that

the plaintiff recovered the penalty imposed by the statute, and that is all the redress to which he is entitled. Perhaps the safest expedient for a case of this kind, which involves a public policy, is to fix an arbitrary sum to be recovered by the injured person, and this the legislature has done. See Russell *v.* W. U. Tel. Co., 3 Dak. 315, 19 N. W. Rep. 408.

There was no error in sustaining the demurrer to so much of the plaintiff's petition as sought recovery simply for pain and anguish of mind.          *Judgment affirmed.*