## WESTERN UNION TELEGRAPH COMPANY v. D. C. FEEGLES.

### No. 2673.

**Telegraphic Message—Notice.**—In a suit for failure to deliver a telegram at Fort Worth, Texas, sent at Malvern, Arkansas, by a daughter-in-law, concerning her husband's condition, to his mother, as follows: "Come to Malvern first train; Lee is very dangerously wounded;" *held,* that the court properly overruled exceptions to the petition made on the ground that "there is nothing in the face of the message by which the telegraph company could, in contracting to transmit and deliver it, contemplate that the relation of mother and child existed between the parties."

APPEAL from Tarrant. Tried below before Hon. R. J. Boykin, Special District Judge.

This suit was brought originally by the appellee, D. C. Feegles, and his wife, jointly, to recover for pain and distress of mind caused by the alleged delay in the transmission and delivery of a message delivered to appellant's agent at Malvern, Arkansas, by Mrs. E. A. Mahone, acting as agent of and for the benefit of appellee's wife, to be transmitted to Fort Worth, Texas, and there delivered to the wife of appellee, Mrs. S. A. Feegles, the verbiage of the message being:

"Malvern, Ark., July 22, 1887.

"*To S. A. Feegles, cor. Seventeenth and Calhoun Sts., Fort Worth, Texas:*

"Come to Malvern first train; Lee is very dangerously wounded.
[Signed]                                "Bertha Mahone."

The said message as alleged was delivered to the agent at 7 o'clock a. m. of the 22d of July, 1887, and was not delivered to Mrs. S. A. Feegles until nearly noon of the 23d day of July, 1887, and too late for Mrs. Feegles to be present at the burial of her son, Lee Mahone; that had it been delivered within a proper and reasonable time she could and would have been present at his funeral and burial, and being deprived of said privilege by the negligence of appellant and its agents and servants, it caused her great pain of mind, etc., and for which she asks compensation in the sum of two thousand dollars in damages.

To this pleading the appellant filed a general demurrer, special exceptions as to the misjoinder of plaintiff S. A. Feegles as a party plaintiff, and a general denial. The general demurrer was overruled, the special exception sustained, and the trial resulted in a judgment for plaintiff for the sum of fifteen hundred dollars. The defendant appeals.

*Stemmons & Field,* for appellant. — 1. This suit being for injury to the feelings of the mother, there is nothing in the face of the message by which we could, in contracting to transmit and deliver the message, contemplate that the relation of mother and child existed between the parties, and that a mother's feelings would be injured by a failure upon appellant's part to perform its contract. Gray on Com. by Tel., sec. 89.

2. There being neither allegation nor proof that appellant had notice of the relationship existing between Lee Mahone and S. A. Feegles at the time it contracted to transmit and deliver the message, it can not be held liable for injury to the feelings done S. A. Feegles, as a mother, for her inability to be present at the burial of "Lee" Mahone, her child.

*Byron Johnson,* for appellee. — If appellant knew, or had cause to believe, from the contents of the Bertha Mahone telegram or the circumstances attending the sending of the same, or from the contents of the P. J. Bourland telegram or the circumstances attending the sending of the same, that Lee Mahone was the son of S. A. Feegles, then the verdict in this case is warranted and justified, both by the law and the evidence. Loper v. Tel. Co., 70 Texas, 689; Stuart v. Tel. Co., 66 Texas, 580; Levy v. Railway, 59 Texas, 546.

HENRY, Associate Justice. — Plaintiff's petition charges that on the 22d and 23d days of July, 1887, his wife S. A. Feegles was at her home in Fort Worth, Texas, and on the same day her son by a former marriage, Lee Mahone, and his wife Bertha Mahone were residing in the town of

Malvern, in the State of Arkansas; that on the night of July 20 of said year said Lee Mahone was fatally wounded in said town of Malvern, and he grew suddenly worse on the morning of the 22d day of said month; that before that time the wife of plaintiff had requested the wife of her son to promptly notify his mother of any sickness, accident, or misfortune that might befall her son during his absence from Fort Worth, in order that she might have the consolation of being with him under such circumstances, or attend his burial should he die, and that the son's wife promised to give his mother such information.

The petition avers that in compliance with said request and promise the said Bertha Mahone, as the agent of said S. A. Feegles, on the 22d of July, 1887, caused to be delivered to defendant, at the telegraph office in Malvern, for transmission and delivery to S. A. Feegles, at her place of residence in Fort Worth, a telegram in the following words and figures:

"MALVERN, ARK., July 22, 1887.

" *To S. A. Feegles, cor. Seventeenth and Calhoun Sts., Fort Worth, Texas:*
"Come to Malvern first train; Lee is very dangerously wounded.
    [Signed]                      "BERTHA MAHONE."

That the telegram was filed with defendant in its telegraph office in Malvern at 7 o'clock a. m., July 22, 1887, and the fee for its transmission and delivery was paid by the sender, and the defendant, in consideration of the premises, promised to immediately transmit and deliver the message.

Plaintiff represents that the son died at 11 o'clock a. m. on the day the message was sent, from the effects of his wounds; and that failing to receive an answer to her telegram, and believing therefrom that the mother of her husband was away from her home and had not received her telegram, and being "justified" by the warmth of the weather and the absence of any necessity for delaying it, the body was interred at 10 o'clock p. m. of the day of the death; that if the telegram had been promptly transmitted and delivered, and within a reasonable time for it to be done, the mother could and would immediately have notified the wife of her son of the receipt of her message by another dispatch, and would in that way have let her know that she would go to Malvern on the first train, and the mother would have done so and would have reached there about 12 o'clock of the night of the day on which her son died, or about 12 m. of the next day, and in time to be present at the burial, as, in that case, it would have been delayed for her arrival. The petition charges that defendant, by its want of care and gross negligence, failed to deliver the telegram until nearly noon of the day following its receipt to be transmitted; that after the receipt of said telegram, and before the departure of the next train in the direction of Malvern, plaintiff's wife received another telegram from her son's widow informing her of the burial of the body. The petition avers that defendant was duly notified of plaintiff's claim for damages,

and that the wife of plaintiff suffered great mental pain and anguish as the consequence of defendant's neglect, etc.

The overruling defendant's demurrer to plaintiff's petition is assigned as error, on the ground that "there is nothing in the face of the message by which we could in contracting to transmit and deliver it contemplate that the relation of mother and child existed between the parties, and that a mother's feelings would be injured by a failure upon appellant's part to perform its contract." We think there was no error committed in overruling the demurrer. Tel. Co. v. Edsall, 74 Texas, 329; Tel. Co. v. Adams, *ante,* 531.

The other errors properly assigned relate to the same question, stated in different forms, that the first one does, and are involved in its decision.

The judgment is affirmed.

*Affirmed.*

Delivered December 20  1889.