LODWICK LUMBER COMPANY v. W. W. JONES.

Decided May 23, 1908.

**Costs—Appeal—Bond Construed.**

A defendant, on a plea in reconvention, recovered a judgment against the plaintiff for a small amount and for the costs of the trial court; being dissatisfied with the amount of the judgment the defendant appealed, giving a bond with the statutory condition to prosecute his appeal with effect and to pay all costs which had accrued in the trial court and which would accrue in the Appellate Courts; the judgment of the trial court was affirmed. Held, the condition of the bond to "pay all the costs which had accrued" in the trial court, did not render the appellant and his sureties liable for the costs which had accrued in the trial court prior to filing the appeal bond, and for which judgment had been rendered in appellant's favor.

Appeal from the District Court of Harrison County. Tried below before Hon. R. B. Levy.

*F. H. Prendergast,* for appellant.—Cited: Rev. Stats., art. 1400; Blair v. Sanborn, 82 Texas, 688; Burck v. Burroughs, 64 Texas, 447; Trent v. Rhomberg, 66 Texas, 251; Gulf, C. & S. F. Ry. v. Hume, 30 S. W., 863; Janes v. Langham, 29 Texas, 418; Smith v. Parks, 55 Texas, 86; Young v. Russel, 60 Texas, 687.

*Harrison & Davidson,* for appellee.

TALBOT, ·ASSOCIATE JUSTICE.—This is a proceeding in the nature of a motion to retax the costs in the above entitled cause. It appears that the Lodwick Lumber Company sued W. W. Jones in the District Court of Harrison County, in 1904, to enjoin him from interfering with its servants and employes in the cutting of certain timber. Jones reconvened in the suit for damages and recovered a judgment for the

Vol. LI. Civil—10.

sum of $20 and costs of suit. Jones being dissatisfied with the amount recovered appealed and gave a cost bond for appeal under article 1400 of the Revised Statutes. The judgment was affirmed by this court and Jones paid the costs of the appeal, but refused to pay the costs incurred in the District Court prior to the filing of the appeal bond. The Lodwick Lumber Company paid the $20 judgment, which had been rendered in Jones' favor, and then brought this action against Jones and the sureties on his appeal bond for the costs incurred in the District Court. The trial court held that Jones and his sureties were not liable for the costs incurred prior to the filing of the appeal bond, and rendered judgment in their favor. From this judgment of the court the Lodwick Lumber Company has appealed, and the question presented for our determination is: Did the trial court err in holding that the affirmance of the former judgment on appeal did not render W. W. Jones and the sureties on his appeal bond liable for the costs incurred in the District Court, prior to the filing of said bond, and in not rendering judgment against them for the amount thereof? This question, we think, must be answered in the negative. It is true the appeal bond was conditioned that the appellant Jones would prosecute his suit with effect and would pay all the costs which had accrued in the District Court and which might accrue in the Court of Civil Appeals and the Supreme Court; but the judgment of the court below having been affirmed, the affirmance included the judgment for costs as well as the judgment in Jones' favor for $20. In other words, we are of the opinion that the judgment of the Court of Civil Appeals affirmed the judgment of the District Court, not only for the $20 in Jones' favor, but also for the costs which were incurred before the filing of the appeal bond, and left the judgment of that court against the Lodwick Lumber Company, as though no appeal had been taken by Jones.

A litigant feeling aggrieved at the smallness of the verdict and judgment rendered in his favor has the legal right to appeal therefrom, and we do not believe it was ever contemplated or intended by the law makers, who passed the statute in question, to visit upon him by way of punishment for the exercise of the right, the payment of costs which had been adjudged against his adversary, simply because the judgment appealed from was affirmed and his effort to secure another trial of the issues thereby defeated. Such would be the effect' of said statute, if given the construction contended for by appellant.

We are very clearly of the opinion that the trial court rendered the proper judgment and it is affirmed.

*Affirmed.*

Writ of error refused.