## WESTERN UNION TELEGRAPH CO. v. OLIVARRI.

(Court of Civil Appeals of Texas. April 5, 1911. Rehearing Denied May 3, 1911.)

1. TELEGRAPHS AND TELEPHONES (§ 38*)—DELAY IN DELIVERY—MESSAGE IN FOREIGN LANGUAGE.

A telegram in Spanish in a country where it is the dominant language is notice to the telegraph company of the contents thereof, though the agent who received it for transmission did not understand the language.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 33; Dec. Dig. § 38.*]

2. TELEGRAPHS AND TELEPHONES (§ 56*)—DELAY IN DELIVERY—ACTION—PARTIES.

A message sent to a husband in behalf of his wife, but signed by a third party, will form a basis for the recovery of damages on the part of the wife for delay in delivery.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 37; Dec. Dig. § 56.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Action by E. G. Olivarri against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

George H. Fearons and Webb & Goeth, for appellant. J. D. Childs, for appellee.

FLY, J. This is a second appeal of this suit, a report of the first being found in 116 S. W. 392, and the facts are identical with those in Western Union Tel. Co. v. Olivarri, 110 S. W. 930, and 126 S. W. 688, this case being for damages to appellee, the husband, and the last-named cases being for damages to the wife of appellee. A writ of error was granted by the Supreme Court from the decision reported in 126 S. W. 688, and the judgment of this court has been recently affirmed. 135 S. W. 1158. In this case appellee recovered judgment for the sum of $800, based on the verdict of a jury.

The testimony fully sustains the allegation of negligence of appellant in its failure to promptly transmit and deliver a telegram in Spanish in regard to the condition of appellee's wife and twins to whom she had given birth, and that appellee was damaged in the sum found by the jury.

[1] Appellant has grouped its three assignments of error, all to the effect that it had no notice of the contents of the telegram. Its sole proposition is: "The telegraph company cannot be held liable for damages unless at the time the contract for the transmission of the message is made it has notice, or can reasonably foresee that such damages will be sustained, and messages couched in language which the agents do not understand will not give notice that the parties beneficially interested will sustain damages in the nature of mental or physical pain by reason of the failure to deliver such message." That question was fully considered and discussed in 110 S. W. 930, and decided adversely to appellant by this court, and was reiterated in 116 S. W. 392, and 126 S. W. 688.

[2] The Supreme Court approves the decisions of this court in regard to the telegram in Spanish being notice to the telegraph company, and it appears granted the writ on the question as to whether a message sent to the husband in behalf of the wife, but signed by a third party, would form a basis for the recovery of damages on the part of the wife. The Supreme Court in its opinion answers it in the affirmative, as it has been answered a number of times by the Supreme Court and by the Courts of Civil Appeals in cases which were approved by the Supreme Court. Telegraph Co. v. Cooper, 71 Tex. 507, 9 S. W. 598, 1 L. R. A. 728, 10 Am. St. Rep. 772; Telegraph Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920; Telegraph Co. v. Coffin, 88 Tex. 94, 30 S. W. 896;

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Telegraph Co. v. Simmons (Tex. Civ. App.) 93 S. W. 686.

In the cited Coffin Case the Supreme Court said that former decisions had settled certain propositions óf law in regard to telegraph companies, one of which was: "That the person for whose benefit a telegraphic message is sent, and who is named in the message, or of whose interest therein notice is given to the company at the time, may sue upon it in case of injury from the negligence of the telegraph company." And yet on this well-settled point the writ was granted in the other branch of this case and the opinion therein is devoted to a discussion of that question alone.

The judgment is affirmed.