HORN v. WESTERN UNION TELEGRAPH CO. (No. 2475.)

(Supreme Court of Texas. Oct. 17, 1918.)

APPEAL AND ERROR ☜1177(8)—DISPOSITION —INCONCLUSIVE EVIDENCE.

Where court erroneously directed verdict without two essential findings, which the evidence would have sustained, but as to which it was not conclusive, the court on appeal could only remand the cause.

Error from Court of Civil Appeals of Sixth Supreme Judicial District.

On motion for written opinion on rehearing. Motion granted.

For former opinion, see 194 S. W. 386.

R. D. Allen, of Sulphur Springs, for plaintiff in error. N. L. Lindsley, of Dallas (Geo. H. Fearons, of New York City, of counsel), for defendant in error.

GREENWOOD, J. Plaintiff in error presents a motion for a written opinion, stating the grounds on which his motion for rehearing was heretofore overruled. We have concluded to grant the motion, in order to avoid the possibility of misconstruction of the original opinion (194 S. W. 386) on the new trial we have ordered.

As clearly stated in Justice Yantis' opinion, it was error, in the state of the evidence, for the trial court to direct a verdict for plaintiff on the findings, first, that Knowles was authorized to receive a message for transmission by another on the following day; second, that Knowles agreed to transmit the message to the addressee by 6:30 or 7 o'clock of the following day; and, third, that the failure to transmit and deliver the message was the cause of the absence of the sister of plaintiff's wife from the burial, and that such absence caused plaintiff's wife to suffer mental pain and anguish. Before plaintiff was entitled to recover it was also necessary for the jury to find, first, that the agreement to transmit the message by 6:30 or 7 o'clock next day was within the scope of the apparent authority of Knowles from the telegraph company; and, second, that the message was sent in reliance on such authority and agreement. While the evidence would have authorized the two last-mentioned findings, it was not conclusive, and no other order was proper, save to remand the case, to determine the questions of fact.

The statement in the opinion that, if Knowles made the agreement to send the message by 6:30 or 7 o'clock the next day, "it would not be binding upon the telegraph company," must be construed as meaning that such agreement alone could not bind the company. But that statement is not to be construed as a departure from the elementary principle in the law of agency that the principal is bound by the act of another person, when he holds such person out as possessing authority to perform the act in his behalf, provided that he who dealt with the agent relied on his apparent authority. This principle has been applied in this state to facts similar to those recited in the original opinion (W. U. Tel. Co. v. Erwin [Tex. Civ. App.] 147 S. W. 608 [1]), and is too well settled to warrant further discussion.

Let the case, as heretofore remanded, be disposed of in the trial court in accordance with the original opinion, and as that opinion is herein construed.