### WESTERN UNION TELEGRAPH COMPANY v. J. H. MOBLEY.

No. 3752.    Decided March 21, 1923.

(249 S. W., 182.)

**Telegraph—Death—Notice of Relationship—Pleading.**

Plaintiff sued for damages from preventing his attendance at the funeral of his step-mother, by delay of defendant in the transmission to him of the telegram: "Mother died five wire if coming and when." He alleged that he had been reared by her from childhood, and bore for her a sincere affection, and resulting mental suffering; but did not allege that the facts were communicated to defendant otherwise than from the message itself. *Held,* that such allegation was not necessary and the petition not subject to general demurrer because of their absence. Western Union Telegraph Company v. Coffin, 88 Texas, 97, limited.    (pp. 531, 532).

Question certified from the Court of Civil Appeals for the First District, on error from Harris County.

The Supreme Court, having referred the question to the Commission of Appeals, Section A, for their opinion thereon, here adopts and makes same its answer.

*Hume & Hume,* for plaintiff in error.

There being no allegation of notice to defendant at the time the contract of transmission was entered into of any special or unusual affectionate relations subsisting between plaintiff and his deceased stepmother, or of any special circumstances charging defendant with notice of such relations, such as to support a recovery of damages for mental anguish, no cause of action was stated for mental anguish damages, and the court erred in overruling the general de-

murrer. W. U. Tel. Co. v. Smith, 227 S. W., 1111; W. U. Tel. Co. v. Kanause, 143 S. W., 189; W .U. Tel. Co. v. Wilson, 97 Texas, 24; W. U. Tel. Co. v. Carter, 85 Texas, 586; W. U. Tel. Co. v. Coffin, 88 Texas, 95; W. U. Tel. Co. v. Campbell, 81 S W., 580; W. U. Tel. Co.. v. Gibson, 39 S. W., 198. See also, W. U. Tel. Co. v. Mobley, 220 S. W., 611; W. U. Tel. Co. v. Johnston, 210 S. W., 516.

*Homer E. Stephenson*, for defendant in error..

Where a suit is instituted to recover damages sustained by delay in the delivery of a telegram, a ruling of the Court of Civil Appeals upon a former appeal as to the sufficiency of plaintiff's petition, on the question of notice of probable injury, is the law of the case, and it is not error for the trial Court to overrule a general demurrer, when the only question presented is the sufficiency of the plaintiff's petition on the question of notice, and plaintiff in error's assignment of error and proposition thereunder should not be sustained. S. W. Tel. & Tel. Co. v. Andrews, 169 S. W., 218; (second appeal) 178 S. W., 574; Freeman v. Huffman, 156 S. W., 367; Whittaker v. Thayer, 110 S. W., 787; Miller-Link Lbr. Co. v. Thompson, 208 S. W., 546; 4 Corpus Juris, 1093-1095, and Notes 77 and 78 thereunder; 4 Corpus Juris 1097, citing Texas & P. Ry. Co. v. Roberts, 45 S. W., 218, affirmed 91 Texas, 535; 4 Corpus Juris 1108, Sec. 3090 and Note 74 thereunder; Western Union Tel. Co. v. Mobley, 220 S. W., 611.

A telegraph message by J. L. Chapman, Farmersville, Texas, dated June 16, 1918, to J. H. Mobley, Room 206, S. P. Building, Houston, Texas, that "Mother died five wire if coming and when" was sufficient to give the telegraph company notice that the deceased was plaintiff's (defendant in error's) mother, and was therefore, sufficient to give the telegraph company notice of any lesser relationship that might have existed between plaintiff and deceased, and said message also charged the telegraph company with notice that plaintiff would probably desire to attend the funeral and burial of his step-mother, who was designated in such message as "mother". Western Union Tel. Co. v. Johnston, 210 S. W., 516; S. W. Tel. & Tel. Co. v. Andrews, 169 S. W., 218; (second appeal) 178 S. W., 574; Western Union Tel. Co. v. Johnson, 226 S. W., 671, 111 Texas, 1; Western Union Tel. Co. v. Landry, 134 S. W., 849; Potts v. Western Union Tel. Co., 18 S. W., 604, 82 Texas, 545; Western Union Tel. Co. v. Luck, 91 Texas, 178, 41 S. W. 469, 66 Am. St. R. 869; Western Union Tel. Co. v. Olivarri, 104 Texas, 203, 135 S. W., 1158; Western Union Tel. Co. v. Coffin, 88 Texas, 94, 30 S. W., 896; Western Union Tel. Co. v. Mobley, 220 S. W., 611.

MR. JUDGE RANDOLPH delivered the opinion of the Commission of Appeals, Section A.

The following statement and certified question from the Court of Civil Appeals for the First Supreme Judicial District have been submitted to this section of the Commission of Appeals for our consideration, by the Supreme Court:

"This is a suit by Mobley against the Telegraph Company to recover damages for mental anguish by the alleged failure of the company to promptly deliver a telegram advising him of the death of his step-mother.

"The telegram was sent from Farmersville, Texas, by J. L. Chapman, to plaintiff at Houston, Texas, and is as follows: 'Mother died five wire if coming and when.'

"The petition contains the following allegations:

" 'Plaintiff would further show that at the time of her death his mother, Mrs. Mary F. Chapman (or Mrs. W. D. Chapman), being step-mother to plaintiff herein, was seventy-five (75) years of age; that plaintiff had been reared from childhood by his said step-mother, deceased, and holds and bears toward her deep and sincere affection; that he was greatly distressed and humiliated and suffered untold mental anguish and pain because of the impossibility as herein alleged, of reaching the funeral and burial place of his mother before she was to be interred, all of which was caused by the unreasonable delay in the delivery of said telegram by defendant company, its agents, servants and employees.'

"There is no allegation that the agent of the Telegraph Company was given notice at the time the telegram was sent of the unusual and especial affectionate relationship which existed between plaintiff and his step-mother. The evidence upon the trial duly established this relationship, and the trial in the court below without a jury resulted in a judgment in favor of plaintiff for $750.00.

"The defendant interposed a general demurrer to the petition, which was overruled, and the only question raised by plaintiff in error on this appeal is whether the trial court erred in not sustaining the demurrer.

"The proposition advanced by plaintiff in error is:

" 'There being no allegation of notice to defendant at the time the contract of transmission was entered into of any special or unusual affectionate relations subsisting between plaintiff and his deceased stepmother, or of any special circumstances charging defendant with notice of such relations, such as to support a recovery of damages for mental anguish, no cause of action was stated for mental anguish damages and the court erred in overruling the general demurrer.'

"This is a second appeal of the case. On the former appeal this court held that the telegram, which was set out in the petition, gave the Telegraph Company sufficient notice of the relationship between the plaintiff and the deceased, and therefore the general demurrer was properly overruled. Telegraph Company v. Mobley, 220 S. W., 611.

"This court is not entirely satisfied of the soundness of our former holding, and deems it advisable to certify the question for your decision.

"Upon the foregoing statement of the record, we respectfully ask:

"Did the failure of the petition to expressly allege that notice was given the defendant at the time the. contract for the transmission of the telegram was made, of the especially affectionate relationship between plaintiff and the deceased render the petition bad on general demurrer?"

In cases involving mental anguish caused by the failure to receive a telegram informing the parties of the death of a near blood relation, parent or child, brother or sister, or husband or wife, it is held uniformly by our Supreme Court since the case of Western U. Telegraph Co. v. Brown, 71 Texas, 723, 2 L. R. A., 766, 10 S. W., 323, that it is not necessary that the message should disclose the relationship of the parties named in it to entitle the injured party to recover damages. Western U. Telegraph Co. v. Adams, 75 Texas, 534, 6 L. R. A., 844, 16 Am. St., 920, 12 S. W., 857; Western U. Telegraph Co. v. Feegles, 75 Texas, 539, 12 S. W., 860; Western U. Telegraph Co. v. Carter, 85 Texas, 585, 34 Am. St., 826, 22 S. W. 901; Western U. Telegraph Co. v. Coffin, 88 Texas, 97, 30 S. W., 896; Western U. Tel. Co. v. Johnson, 111 Texas, 1, 226 S. W., 671. The right to recover in such cases is based upon an inference of mental suffering by reason of the close relationship of the parties. In other words: When a telegram is delivered to a person who is named in the message, and whose serious interest in the subject matter of the telegram is shown on the face of the message, in the case of such blood relations above named, the telegraph company is charged with notice of the relationship which actually exists between the parties named, whether disclosed by the telegram or not.

While the application of this rule has been held by the Supreme Court to exclude a relationship by affinity in the case of a brother in-law, Telegraph Co. v. Coffin, *supra,* our Supreme Court have indicated to us that they are not willing to extend such holding so as to make it include one who is *in loco parentis.* It is more often the case than not that the woman who has assumed the burden of being a mother to another woman's children, by her self-denial and by her devoted and painstaking performance of her duties thus assumed, has endeared herself to her step-children and that they have so learned to love her that her loss becomes to them the loss of their mother indeed. The telegram in this case carried on its face the notification that "mother" had departed this life, and, applying the cold doctrine of the law to the facts in this case, we find that the evidence thus discloses that the defendant was charged with notice that the plaintiff's "mother" had died, and on investigation the real relationship existing between the plaintiff and his de-

ceased stepmother could have been ascertained. Hence there is no reason for the extension of the doctrine laid down in the Coffin case so as to make it include the relationship of step-mother and step-son and we conclude that the question propounded by the Court of Civil Appeals should be answered in the negative,

### By the Supreme Court.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.