WESTERN UNION TELEGRAPH COMPANY V. MRS. N. C. BROOKS.

No. 3522.   Decided January 20, 1926.

(279 S. W., 443.)

**1.—Telegraph—Negligence—Damages—Mental Suffering.**

Recovery may be had in a proper case against a telegraph company for mental suffering, as an element of actual damages, by negligence in failing to deliver, regardless of whether physical injury or pecuniary loss was sustained. (Pp. 172, 173.)

**2.—Same—Notice of Sender's Interest.**

While the interest of sender in delivery must appear, from the message itself or otherwise, to justify recovery for her mental suffering from default therein, facts here considered are held sufficient to convey such notice and bring such suffering within contemplation of the company as a result of its negligence, in case of a mother attempting to send money to an insane

son under arrest, destitute, and among strangers, in order to enable him to return home.  (Pp. 173-175.)

### 3.—Same—Anticipated Results Not Ensuing.

The mother was not precluded from recovery for mental suffering on account of her son's sufferings naturally to be anticipated as a result of the telegraph company's negligence by the fact that they did not actually result.  (Pp. 174, 175.)

### 4.—Same—Prolonging Suffering Otherwise Caused.

The mental suffering of the mother being directly caused by the company's negligent default, it becomes immaterial here to consider whether recovery can be had for mere prolongation of suffering otherwise occasioned.  (P. 175.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

The telegraph company obtained writ of error on the affirmance (221 S. W., 1022) of a judgment obtained against it by Mrs. Brooks.

*W. H. Flippen (Neyland & Neyland,* also, in appellate court, and *Francis R. Stark,* of counsel), for plaintiff in error.

A telegraph company, for delay in delivering money sent by telegraph, is not liable for fear, grief, or other mental anguish of the sender.  Jones on Telegraph & Telephone (2nd Ed.) Sec. 577, p. 746, Sec. 600, p. 777 and authorities there collated; Rowell v. Telegraph Co., 75 Texas, 26, 12 S. W,. 534; Telegraph Co. v. Smith, 76 Texas, 253, 13 S. W., 169; Tel. Co. v. Proctor, 6 Texas Civ. App., 300, 25 S. W., 811;  Ricketts v. Tel. Co., 10 Texas Civ. App., 226, 30 S. W., 1105;  Tel. Co. v. Lovett, 24 Texas Civ. App., 84, 58 S. W., 204;  Robinson v. Tel. Co., 68 S. W., 656, 57 L. R. A., 611;  Sabine Valley Telephone Co. v. Oliver, 46 Texas Civ. App., 428, 102 S. W., 925;  Tel. Co. v. Melvin, 194 S. W., 563; Stansell v. Tel. Co., 107 Fed. 668.

A telegraph company can only be held for such damages as might reasonably be anticipated and as would proximately flow from its failure to promptly transfer and deliver money.  Facts and circumstances not within the contemplation of the parties at the time a contract for the transfer of money by a telegraph company is entered into preclude a recovery therefor.  McAllen v. Tel. Co., 7 S. W., 716;  Rowell v. Tel. Co., 75 Texas, 26, 12 S. W., 534;  Tel. Co. v. Smith, 13 S. W., 169;  McCarthy v. Tel. Co., 56 S. W., 568;  Tel. Co. v. Bass, 67 S. W., 515;  Tel. Co. v. Taylor, 81 S. W., 68;  Tel. Co. v. Ulmer, 152 S. W., 528;  Kopperl v. Tel. Co., 85 S. W., 1018.

Telegraph companies are not held liable in law for every possible consequence of their negligence, but only for such as are the proximate and natural results of their wrongful acts. The damages must be the natural and direct result of the breach, or such as flow therefrom by ordinary and natural sequence; if there is an addition of any other negligent act or overpowering force, intervening and aiding in any wise the result, the damages will be too remote, conjectural and not in contemplation of the parties, in case of a breach of the contract. Jones on Telegraph & Telephone Companies (2nd Ed.) pp. 685-6, Sec. 530; McAllen v. Tel. Co., 7 S. W. 716; Tel. Co. v. Smith, 13 S. W., 169; W. U. Tel. Co. v. Proctor, 6 Texas Civ. App., 300, 25 S. W., 811; W. U. Tel. Co. v. Lovett, 24 Texas Civ. App., 84, 58 S. W., 204; Kopperl v. Tel. Co., 85 S. W., 1018; Sabine Valley Tel. Co. v. Oliver, 46 Texas Civ. App., 428, 102, S. W. 925.

No recovery can be had from a telegraph company in an action for increased mental anxiety, only, owing to the company's failure to deliver message. Rowell v. Tel. Co., 75 Texas, 26, 12 S. W., 534; McCarthy v. Tel. Co., 56 S. W., 568; Tel. Co. v. Bass, 67 S. W., 515.

Damages which do not flow directly from an act, but are the result of some intermediate cause, without which no injury or loss would occur, although such cause may be attributable to the original act, are too remote to be recovered. Tel. Co. v. Partlow, 71 S. W., 584; Tel. Co. v. Taylor, 81 S. W., 68; Tel. Co. v. Ulmer, 152 S. W., 528.

*B. O. Evans* and *Charles L. Black,* for defendant in error.

Mental anxiety may constitute an element of actual damages for breach of a contract to transmit money by telegraph, where such anxiety is the direct and natural result of the breach, and, in view of the attending circumstances, should have been contemplated by the parties as part of the consequences of the breach. Western U. Tel. Co. v. Simpson, 73 Texas, 422; Telegraph Co. v. Richards, 158 S. W., 1187; Goodwin v. Western U. Tel. Co., 160 S. W., 107; Western U. Tel. Co. v. Finfrock, 191 S. W., 181; Western U. Tel. Co. v. McFarlane, 161 S. W., 57; Cumberland Tel. Co. v. Quigley, 129 Ky., 788; Telegraph Co. v. Gossett, 38 S. W., 536; Telegraph Co. v. Burgess, 56 S. W., 237.

The telegraph company cannot claim that it had no notice that Mrs. Brooks would suffer the mental anguish of which she complains in this suit if such mental anguish be the natural, usual and normal result of the breach of the contract, considering all the facts and circumstances surrounding its making. Telegraph

Co. v. Johnson, 111 Texas, 1; Herring v. Telegraph Co., 108 Texas, 77; Horn v. Telegraph Co., 109 Texas, 229; Telegraph Co. v. Simmons, 93 S. W., 688; Telegraph Co. v. Tucker, 108 Texas, 371; Telegraph Co. v. Swearingin, 97 Texas, 293.

It was proper to allege and prove the consequences to the son resulting from the breach of the contract, as well as the fact that the defendant in error was advised of these consequences and plaintiff suffered mental anguish on account thereof. Western U. Tel. Co. v. McIlvoy, 55 S. W., 428; Telegraph Co. v. McFarlane, 161 S. W., 57.

Finally, we submit that no good reason can be given to support a denial of the recovery awarded in this case. The general doctrine first announced by this court, and still followed, awarding compensation for mental anguish in telegraph cases, proceeds upon the theory that, considering the nature of the contract and the benefits to be secured by its performance, as shown by the attending circumstances, the parties must have contemplated that mental anguish would probably follow its breach. The doctrine has been criticised by many courts, and has also been defended by other courts and by able law writers. Sedgwick on Damages, Ninth Edition, Vol. 1, Sec. 45; Sutherland on Damages, Fourth Edition, Sec. 92, and Secs. 975-980, inclusive; Thompson on Electricity, Sections 378-397; Liability of Telegraph Company for Mental Suffering, 29 American Law Review, 209.

MR. JUSTICE PIERSON delivered the opinion of the court.

This is a suit in which defendant in error, Mrs. N. C. Brooks, seeks to recover damages from plaintiff in error for its negligent failure to transmit and deliver to her son, Richard T. Brooks, who was then at Bastrop, Texas, the sum of $15.00 (plus the cost of a telegram) according to contract, which sum was delivered to plaintiff in error's agent at Paris, Texas.

In January, 1917, Richard T. Brooks, son of defendant in error, Mrs. N. C. Brooks, was adjudged insane and confined in the San Antonio State Hospital. In August he escaped, and at Bastrop was apprehended and detained by the sheriff of Bastrop County.

Mrs. Brooks, who was then about fourteen miles from Paris, Texas, was notified of his escape by the hospital authorities and that they could not receive him back because the law under which he had been convicted had been declared unconstitutional. Also, the sheriff of Bastrop County wrote her of her son's condition and that he had no authority to hold him longer, and asked her

to send him $10.00 to come home on. Also, she received a letter from her son saying he was in jail, sick, without funds and without sufficient clothing, and asking her for help.

Immediately, on August 14th, she went to Paris, to plaintiff in error's office, and sent a message to the sheriff to ascertain if her son was still there. Upon getting an affirmative reply she contracted and arranged with plaintiff in error to transmit the sum of money mentioned above. This plaintiff in error failed to do, and negligently breached the contract.

Defendant in error after meeting the trains for three or four days, expecting to receive her son, returned to her place in the country, and on the 19th of August received a card from her son, dated the 17th, saying he had not received any money, that he was sick, without clothes, in a critical condition, among strangers, and was leaving for somewhere, he did not know where.

The Honorable Court of Civil Appeals for the Fifth Supreme Judicial District affirmed a judgment for damages for mental anguish suffered by Mrs. Brooks on account of said breach in the sum of $800.00.

As defenses to Mrs. Brooks' cause of action, plaintiff in error asserts that a telegraph company, for delay in delivering money sent by telegraph, is not liable for fear, grief, or other mental anguish of the sender; that if defendant in error so suffered, her suffering was caused alone by her excited imagination and the creations of her mind, and had no foundation in fact; that such mental anguish and consequent suffering and damages to defendant in error "were not within the contemplation of the parties at the time the contract for the transmission and delivery of the money order was made"; that the matters complained of "were too remote and could not have been anticipated by the parties when the money order was sent"; that defendant in error's son voluntarily left Bastrop, and therefore if she suffered anxiety about him it was due to his negligence in so leaving, and in doing so he put it beyond the power of plaintiff in error thereafter to deliver the money, and the defendant in error's damages were directly attributable to the acts of her son, for which plaintiff in error would not be responsible; and, that the suffering of defendant in error was mere prolonged or increased mental anguish already existing, for which no recovery may be had.

None of these defenses are tenable. While in the early development of the law, in this and some other jurisdictions, regarding the right to recover for mental suffering in cases like this

there was some confusion and contradiction, the principles which support defendant in error's right to recover are now fairly well settled in this State.

Recovery may be had for mental suffering, as an element of actual damage, in a proper case, regardless of whether physical injury or pecuniary loss was sustained. SoRelle v. W. U. Tel. Co., 55 Texas, 308, 40 Am. Rep., 805; Stuart v. W. U. Tel. Co., 66 Texas, 580, On Rehearing, p. 586, 59 Am. Rep., 623, 629, 18 S. W., 351; W. U. Tel. Co. v. Simpson, 73 Texas, 422, 11 S. W., 385; W. U. Tel. Co. v. Olivarri, 105 Texas, 203, 135 S. W., 1158; Horn v. W. U. Tel Co., 109 Texas, 229, 194 S. W., 386, 205 S. W., 83; W. U. Tel. Co. v. Johnson, 111 Texas, 1, 226 S. W., 671; 37 Cyc., 1776, 1777; 1 L. R. A. Digest, 973, 974.

The principle that must be applied in this class of cases is that if notice of the sender's interest in the message is brought to the telegraph company, and it negligently breaches its contract, it will be held liable to the sender for such damage as was reasonably within the contemplation of the parties. W. U. Tel. Co. v. Johnson, 111 Texas, 1, 226 S. W., 671; W. U. Tel. Co. v. Olivarri, 104 Texas, 203, 135 S. W., 1158; Horn v. W. U. Tel. Co., 109 Texas, 229, 194 S. W., 386, 205 S. W., 831.

The rule suggested in W. U. Tel. Co. v. Johnson, 111 Texas, 1, 226 S. W., 671, that the interest of the *sender* of a message must fairly appear from the message itself or be disclosed by other information before the telegraph company will be affected by it is fully met in the facts of this case.

The facts are unusual, and must have attracted the attention of plaintiff in error's agent at Paris to her and her state of mind quite as much, if not more, than to the son, the addressee. She disclosed to him that she was anxious about the son because he was mentally unbalanced and not able to take care of himself, was at the jail at Bastrop, and would be adrift, and she wanted to get him home so she could look after him.

Defendant in error's uncontradicted testimony was:

"I told them the boy's condition and why I was so anxious to telegraph the money to him; that he was not capable of taking care of himself and had just escaped from the asylum and I wanted to get him home so that I could watch over him, and I handed them the check for $34.00 and something. I said for them to first wire the sheriff to know if he was still there, and I told them that if he was still there, as quick as they got the word that he was there to send him $15.00 at once to come home. I told them that the sheriff had asked me to send him $10.00, but I would send $15.00 for fear that he needed some other things.

Then I stepped out of the office to see about my little girl, and when I went back I asked if they had heard from the telegram, and they told me that my money had gone to him and he would get it about 5 o'clock, they guessed. I asked them what time I should meet the train that he would come to Paris on, and they told me about what time he should be in Paris. Then I met all the trains until Monday, Monday late was the last train I met. The 14th, the day I sent the money, was on a Friday, and I met the trains on Saturday and Saturday night, and Sunday and Sunday night and Monday, there was one train came in about noon. I met that and I believe I went back to the farm on Monday evening, and on Wednesday I received a card from the boy that he had written on Monday, stating that I had failed to send him the money and he was leaving for somewhere, he did not know where; that he was in a drouth-stricken country and there was no work for him to do and he was sick and without clothes and in a critical condition. * * * When I realized that the money had not reached him I could not eat and could not sleep. I was affected greatly on account of it. I did not know what had happened to the boy, he was not capable of taking care of himself. * * * I was affected that way for three weeks."

The requirements of the law that plaintiff in error must have known the relationship of the parties, the personal interest of the sender in sending the money, and have had in contemplation the results that followed if it breached the contract, are met in this case. W. U. Tel. Co. v. Johnson, 111 Texas, 1, 226 S. W., 671; W. U. Tel. Co. v. Olivarri, 104 Texas, 203, 135, S. W., 1158; Horn v. W. U. Tel. Co., 109 Texas, 229, 194 S. W., 386, 205 S. W., 831.

Plaintiff in error should have foreseen that such injury as experienced by Mrs. Brooks would result to her if it breached its contract with her. It would do violence to reason and common sense to say, under the unusual facts of this case, the heart of which was the unfortunate mental and physical condition and financial distress of the son which were fully disclosed to the company's agent, that the company and the sender did not have in contemplation that just such anxiety and suffering would befall the sender as a proximate result of the breach of the contract in the light of the attending circumstances. The facts were all before plaintiff in error's agent. Mrs. Brooks informed him of her desire to have her son at home where she could look after him and that for that purpose she was sending the money.

We think the suffering and anxiety of Mrs. Brooks cannot be

held to be unreal and too remote because perchance her son, during two or three weeks of his pilgrimage home, had nothing seriously harmful happen to him and that *he* did not undergo any unusual suffering.   It was to hedge against the dangers to him incident to his weakened mental and physical condition that the mother delivered the money to plaintiff in error, and which it, with full knowledge of the facts and conditions, undertook and contracted to transmit and deliver.   It must be held that the parties had in contemplation just such anxiety and suffering on the part of defendant in error as testified to by her in case the telegraph company should breach its contract.

Plaintiff in error insists that defendant in error cannot recover in this case because her suffering was merely prolonged or increased by its negligent default, and refers us to Rowell v. W. U. Tel. Co., 75 Texas, 26, 12 S. W., 534, and W. U. Tel. Co. v. Edmondson, 91 Texas, 206, 42 S. W., 549.

Whether or not a recovery may be had for merely prolonged suffering or for increased and aggravated suffering in mental anguish cases need not be reviewed here.

Plaintiff in error's negligent breach of its contract produced upon defendant in error a distinct and separate injury and suffering which was the proximate result of its negligence.

The judgments should be affirmed, and it is so ordered.

*Affirmed.*