**PARISH et al. v. WESTERN UNION TELEGRAPH CO. (No. 7253.)**

Court of Civil Appeals of Texas. Austin. June 27, 1928.·

Rehearing Denied July 11, 1928.

1. Pleading ⬤⟶34(3)—Every intendment must be indulged favoring petition against general demurrer.

As against a general demurrer, every intendment in favor of the sufficiency of the petition must be indulged.

2. Telegraphs and telephones ⬤⟶68(4)—Physical injury or pecuniary loss held not necessary for recovery for mental suffering as element of actual damage for nondelivery of telegram announcing mother's death.

Recovery can be had for mental suffering as an element of actual damages, without physical injury or pecuniary loss, for failure to deliver telegram announcing mother's death.

3. Telegraphs and telephones ⬤⟶68(3)—Rule against recovery for apprehension concerning something that did not happen held to have no application in case of nondelivery of death message.

Rule that there can be no recovery for apprehension, anxiety, or suspense over a mistaken belief, or concerning something' that did not happen, held to have no application, in action for nondelivery of telegram announcing death of plaintiff's mother, where she, being informed that there was a telegram for her, called at telegraph company's office and was there told that there was no message, and she, knowing that her mother was sick, spent a night of anxiety and apprehension about her mother, and the next morning telegraphied her brother, and was informed that he had departed with their mother's body for burial; her inquiry disclosing the fact that her apprehensions of the night before were well founded.

4. Telegraphs and telephones ⬤⟶52—Addressee must use ordinary care to lighten injury from negligence in delivery of telegram.

Addressee after discovering telegraph company's negligence in delivery of telegram was under duty to use ordinary care to render the injury as light as possible, if it could be done at a reasonable expense.

5. Telegraphs and telephones ⬤⟶73(5)—Whether addressee used ordinary care to lessen injury from negligent delivery is fact question for court or jury.

Whether or not addressee used the required ordinary care in a given situation to lessen the injury from negligence in delivery of a telegram is a question of fact for determination of the court or jury.

6. Telegraphs and telephones ⬤⟶65(3)—Telegraph company must set up as defense addressee's failure to use ordinary care to lessen injury from negligent delivery.

Any failure of addressee to use ordinary care to lessen the injury from negligence in delivery of telegram is a matter of defense to be set up by the company.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Telegraphs and telephones** ⊖⟿68(3)—**Addressee is entitled to recover such damages as company's negligent delivery may have caused, though two courses were open to her.**

If by its negligence in delivery of telegram, telegraph company created a condition or dilemma, to escape from which addressee must choose one of two courses open to her, either to remain away from her mother's funeral, or have the funeral delayed, thus causing inconvenience, discomfort, and anguish to other members of the family, either of which would cause her anguish and suffering which she would not have encountered but for the company's negligence, she is entitled to recover such damages, if any, as she may have suffered.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Action by Mrs. Anna Parish and husband against the Western Union Telegraph Company. Judgment for defendant, and plaintiffs appeal. Reversed and remanded for trial.

Wright & Gibbs, of San Angelo, for appellants.

Francis R. Stark, of New York City, and Harris, Harris & Sedberry, of San Angelo, for appellee.

BAUGH, J. Appellant, joined by her husband, sued appellee for damages for failure to deliver to her a message announcing the death of her mother. The trial court sustained a general demurrer to her petition and dismissed said suit; hence this appeal.

The plaintiff alleged substantially the following facts: That there was sent by her brother from Sour Lake, Tex., on January 21, 1927, a message addressed to her at 19 North Irving street, San Angelo, Tex., announcing the death of her mother; that same was received by the San Angelo office on January 21st, which notified her landlady at 19 North Irving street that appellee had an important telegram for her; that upon appellant's arrival at her apartment about 3 p. m. on that day her landlady so advised her; that she immediately went to appellee's office at San Angelo and made inquiry, but was informed by appellee that it had no message of any kind for her; that said message was not delivered to her until about 12 o'clock on January 22, 1927; that meantime, however, knowing that her mother was in poor health, and after a night of anxiety and apprehension about her mother, early the next morning she telegraphed her brother at Sour Lake, inquiring about her mother, and was informed by appellee a few hours thereafter that said message could not be delivered to her brother because he had gone to Lovelady, Tex., with the body of their mother for burial; that about about 10 a. m., January 22d, her brother wired appellant from Lovelady that the funeral was being delayed, awaiting her arrival.

Appellant also alleged that San Angelo is several hundred miles from Lovelady; that the only practical method of reaching same was by rail; that had said message been delivered upon its arrival in San Angelo, on the afternoon of January 21st, she could have left there at 4 a. m. on January 22d, and could have arrived at Lovelady in the early morning of the 23d; but that because of the delay and negligence of appellee in failing to deliver the message she could not have left until 4:30 p. m. of the 22d and could not have reached Lovelady until the early morning of January 24th, thus delaying the funeral at least 24 hours. She further alleged that because of such negligence she was placed in the dilemma of either missing the funeral of her mother, or causing delay and inconvenience to others in holding the body at Lovelady, many miles from Sour Lake and away from her mother's home, for an additional 24 hours, awaiting her arrival there, and without any knowledge or information that the body could be held that long; that she chose the lesser of the two burdens and elected to forego attending the funeral. She alleged that such negligence caused a severe mental and nervous shock which confined her to her bed, and prayed for damages accordingly.

[1-3] We think the petition states a cause of action good as against a general demurrer. As against a general demurrer every intendment in favor of the sufficiency of the petition must be indulged. And the general demurrer having been sustained we will not consider the special exceptions to the petition. Numerous adjudicated cases have already established rules governing almost any phase of a telegraph company's liability for failure to deliver death messages. Recovery can be had for mental suffering as an element of actual damage without physical injury or pecuniary loss. W. U. Tel. Co. v. Brooks, 115 Tex. 168, 279 S. W. 443, and cases there cited. It is true also, as asserted by appellee, that no recovery can be had for apprehension, anxiety, or suspense over a mistaken belief or concerning something that did not happen. But that rule has no application here for the very good reason that the inquiry by wire made by appellant on the morning of January 22d disclosed the fact that her apprehensions of the night before were well founded, and that her fears proved to be true.

[4-7] It was the duty of appellant, after she discovered appellee's negligence, to use ordinary care to render the injury as light as possible, provided it could be done at a reasonable expense. W. U. Tel. Co. v. Jeanes, 88 Tex. 230, 31 S. W. 186; W. U. v. Johnsey, 49 Tex. Civ. App. 487, 109 S. W. 254; W. U. v. Cowan (Tex. Civ. App.) 271 S. W. 652. But whether or not the complaining party has used ordinary care in a given situation to

lessen the injury is a question of fact for the determination of the court or jury, and a matter of defense to be set up by the negligent party. W. U. v. Kitchen (Tex. Civ. App.) 257 S. W. 693. And whether she could have delayed the funeral for an additional 24 hours under the peculiar circumstances of this case in order to attend it, and thus have caused inconvenience, discomfort, and anguish to other members of the family, instead of remaining away to her own injury in order to save prolonged anguish and mental suffering to others, is of no avail to the appellee, to relieve it from its negligence. If, by its admitted negligence, it created a condition or dilemma, to escape from which appellant must choose one of two courses open to her, either of which would cause her anguish and suffering which she would not have encountered but for appellee's negligence, she is entitled to recover such damages, if any, as she may have so suffered. That was a question of fact, with which we are not here concerned.

The judgment of the trial court is reversed, and the cause remanded for trial.