**WESTERN UNION TELEGRAPH CO. v. TAULBEE.** (No. 826.)

Court of Civil Appeals of Texas. Waco. Sept. 19, 1929.

Spell, Naman & Penland, of Waco, for appellant.

H. O. Jennings and C. R. Glass, both of Marlin, for appellee.

GALLAGHER, C. J. Appellee, Mrs. T. Taulbee, instituted this suit to recover of appellant, Western Union Telegraph Company, damages for mental anguish alleged to have been suffered by her as the direct result of the negligence of appellant in failing to transmit and deliver to her a telegram advising her of the death of a sister-in-law and of the date of the funeral, by reason of which negligence she was deprived of an opportunity to attend said funeral. Said message was delivered to appellant's agent at Waxahachie, Tex., at 9:42 p. m. on June 7, 1928, by Mrs. Clotile Donohoo. It was addressed to appellee, Mrs. T. Taulbee, care of J. A. Clark, Coleman, Tex., and read as follows:

"Aunt Ellen died at two today  Am in Waxahachie  Funeral tomorrow."

Mrs. Donohoo signed said message, "Clotile," but she advised the agent of appellant who received the same that the addressee was her mother, and would know who sent it. She asked said agent if it would leave immediately, and told him that she was very anxious for her mother to get it. Said message was promptly transmitted by the agent receiving the same to appellant's relay office in Dallas, Tex. It was never delivered, and no excuse for failing to transmit and deliver the same was shown. The "Aunt Ellen" whose death was announced in said message was the sister of appellee's deceased husband. She and appellee had lived in the same house for several years after appellee's marriage to

her brother, and their relations were intimate and affectionate. Mrs. Taulbee testified that she loved the deceased like she was her own sister.

The case was submitted to the jury on special issues. The jury in response thereto found, in substance, that:

(a) Appellant, by the use of ordinary diligence, and by means of its facilities for transmitting and delivering messages reasonably available at the time, could have transmitted and delivered the telegram in question to appellee in time for her to have reached Waxahachie by means of transportation facilities available in time for the funeral of the deceased.

(b) Appellee would have attended the funeral if the telegram in question had been delivered to her in time for her to have done so.

(c) Such relation existed between appellee and the deceased that mental anguish was suffered by appellee by reason of not receiving notice of the funeral in time to attend the same.

(d) The sum of $500 would reasonably compensate appellee for the mental anguish suffered by her by reason of not being able to attend said funeral.

(e) Mrs. Donohoo, at the time she delivered the message to appellant's agent, asked him if it would leave immediately, and stated that she was very anxious for her mother to get it.

The court rendered judgment on the verdict in favor of appellee against appellant for said sum of $500.

Opinion.

Appellant by its first proposition contends that no recovery could be had by appellee for mental anguish suffered by her on account of failure to receive said message in time to attend the funeral of her deceased sister-in-law, in the absence of notice to it that some special degree of affection existed between appellee and the deceased, from which said suffering could have been reasonably inferred. Appellant further contends in this connection that no such notice is shown by the evidence in this case. Our Supreme Court, in the case of Western Union Telegraph Co. v. Luck, 91 Tex. 178, 180, 41 S. W. 469, 66 Am. St. Rep. 869, announced the rule that a telegraph company is charged with notice of the relationship, if any, that exists between all persons named in a message, and with notice of such purposes as may be reasonably inferred from the language used in connection with the subject-matter of the communication, taking into consideration the usual manner of expressing messages sent by such means. The reason for such rule where messages relate to sickness or death is that they are accompanied by a common-sense suggestion that they are important, and that the person addressed has a serious interest therein, and the law instead of requiring the send-

er to communicate the facts in detail, charges the telegraph company with such information as pertinent inquiries would have developed. Western Union Tel. Co. v. Adams, 75 Tex. 531, 535, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920; Western Union Tel. Co. v. Olivarri (Tex. Civ. App.) 110 S. W. 930, 932, 933.

When the party to whom or for whose benefit such a message is sent is the husband or wife or a near blood relative of the deceased, the court or jury trying the case may, without other proof, infer that mental anguish was suffered by such person on account of being deprived of the privilege of attending the funeral of the deceased, since, from a knowledge of the laws of human nature common to all, such suffering is known to be the usual and natural result in such cases. Western Union Tel. Co. v. Coffin, 88 Tex. 94, 95–97, 30 S. W. 896. These rules have been applied in cases where the relationship involved was that of husband or wife, parent or child, brother or sister, grandparent or grandchild. They have also been held applicable where a stepmother had reared her husband's child by a former marriage. Western Union Tel. Co. v. Mobley, 112 Tex. 528, 249 S. W. 182, 183. Where the blood relationship between the party to whom or for whose benefit such a message is sent and the deceased is remote, or where such relationship is by affinity only, such acute suffering on account of being deprived of the privilege of attending the funeral of the deceased as is necessary to constitute mental anguish within the legal meaning of that term is not inferred, because from such knowledge of the laws of human nature such suffering is not the usual and natural result in such cases. Telegraph Company v. Coffin, supra. When tender relations do exist between parties so related, such acute suffering may result from being deprived of such privilege, but, in order to hold the telegraph company liable therefor, it must have had notice of such special conditions or relations when it received and undertook to transmit the message, or while it could by the exercise of ordinary diligence have delivered the same in time to have averted such suffering. Telegraph Company v. Coffin, supra; Western Union Tel. Co. v. Wilson, 97 Tex. 22, 24, 25, 75 S. W. 482; Western Union Tel. Co. v. McMillan (Tex. Sup.) 30 S. W. 298, 299; Western Union Tel. Co. v. Gibson (Tex. Sup.) 39 S. W. 198, 199, 200; Western Union Tel. Co. v. Samuels (Tex. Sup.) 141 S. W. 802, 805; Western Union Tel. Co. v. Hice (Tex. Com. App.) 288 S. W. 175, 176–178.

■■ Appellee does not seriously controvert the proposition that it devolved upon her to show notice to appellant's agent of the affectionate relations existing between her and the deceased. She contends, however, in this connection that the contents of the message and the testimony of Mrs. Donohoo with reference to her conversation with appellant's agent at the time she delivered said message for transmission were sufficient to constitute such notice, or to impose upon appellant's agent the duty of inquiry with reference thereto. Mrs. Donohoo stated to appellant's agent that appellee was her mother. The message referred to the deceased as "Aunt Ellen," thereby implying that the deceased was either a sister or a sister-in-law of appellee. The law, as hereinbefore stated, charged appellant with knowledge of the actual relationship. Had the deceased been a sister of appellee, appellant could not have claimed immunity on account of ambiguity of the message. Since the relation was in fact by affinity and not by blood appellee for like reason cannot claim any advantage on account of such ambiguity. In the absence of disclosure or inquiry, the law charged appellant with knowledge of the actual relationship existing between appellee and deceased, and such relationship only. "Relationship," however, as used in this connection, means relationship in the ordinary acceptation of that word, that is, by blood or marriage, and does not include conditions of special intimacy or affection. Telegraph Company v. Samuels, supra, 141 S. W. at page 804, par. 3. Such conditions are special, and do not ordinarily exist where the relationship is by affinity only. The duty of disclosing such special conditions was imposed on Mrs. Donohoo, and no duty of inquiry with reference thereto devolved upon appellant. Mrs. Donohoo testified, in substance, that she told appellant's agent to be sure the message was sent, and inquired whether it would leave immediately, and that he said it would. She further testified that she told him that she (Mrs. Donohoo) was anxious for her mother to receive the same. Stronger language was held not to constitute notice of such special conditions or relations in the case of Telegraph Company v. Gibson, supra, 39 S. W. at pages 199, 200. See, also, in this connection Telegraph Company v. Luck, supra; Telegraph Company v. Wilson, supra; Western Union Tel. Co. v. Kuykendall, 99 Tex. 323, 325, 326, 89 S. W. 965.

The judgment of the trial court is reversed, and the cause is remanded.